Lorenzo ARTEAGA, a/k/a Lorenzo Artega, a/k/a Lorenzo Artiaga, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–87–00048–CR.

Court of Appeals of Texas, San Antonio.

Aug. 31, 1988.

Paul J. Goeke, Huffman, Mayton & Goeke, San Antonio, for appellant.

Fred G. Rodriguez, Jay Brandon, James Kopp, Daniel Thornberry, Criminal Dist. Attys. San Antonio, for appellee.

Before CADENA, C.J., and CANTU and DIAL, JJ.

## OPINION

CADENA, Chief Justice.

A jury found appellant, Lorenzo Arteaga, guilty of unlawfully carrying a weapon, and the court set punishment at one year's probation and a fine. Appellant, who waived his right to representation by an attorney and conducted his own defense, now complains that the trial court erred in refusing to permit him to reopen his case and testify in his own behalf. We agree.

Before the trial began, the court warned appellant of the dangers of self-representation and the possibility that he might waive applicable defenses and fail to preserve error for appeal. After saying that he understood the risk, appellant told the court that he intended to rely on several defensive theories, including mistake of fact, self-defense, defense of third persons and defense of property.

By sustaining an objection that such evidence was irrelevant the court barred appellant's attempt to elicit testimony from his only witness about the character of the area where he resides, works and manages property, and where he was arrested for carrying a handgun. He argued that he was not unlawfully carrying the weapon because he was protecting his own property from "pimps, thieves, and burglars." When appellant attempted to rest, the court asked, in the presence of the jury, "You don't wish to testify yourself?" Appellant replied "All I would testify to is the same facts, Your Honor." He then rested and closed.

At the charge conference appellant requested instructions on mistake of fact, self-defense, defense of others, defense of property, and defense of another's property, all of which were denied as not supported by the evidence. He then moved to reopen the case in order to testify as to the existence of facts which, he argued, would raise the defensive issues in question and entitle him to his requested instructions. The record reveals the following exchange:

MR. ARTEAGA: Your Honor, in light of these denials I'll have to take the stand, and I will, and it is my right and it would severely discriminate this—these proceedings.

THE COURT: I warned you before you rested and closed that that was an option—

MR. ARTEAGA: It would be extremely prejudicial to this case if I'm not allowed to.

THE COURT: I understand that, sir. But you've rested and closed. Is there anything else that we need to take up before we bring the jury in?

Although appellant did not make a bill of exceptions, it is clear that he intended to testify that he managed property in the area, that he owned property across the street from the property which he was protecting, that there had been several burglaries and robberies in the area and that it was a high crime area. His complaint is properly before this court. *Moosavi v. State*, 711 S.W.2d 53, 55 (Tex.Crim.App. 1986) (en banc); *Koehler v. State*, 679 S.W. 2d 6, 9 (Tex.Crim.App.1984) (en banc).

The trial court does not have unlimited discretion in deciding whether to allow a defendant to reopen. *Holifield v. State*, 599 S.W.2d 836, 837 (Tex.Crim.App.1980). It is reversible error to refuse the request to reopen when the evidence is admissible and would be offered before the reading of the charge, unless it appears that its introduction would impede the trial or interfere with the orderly administration of justice. *Id.* This is especially true when the trial court comments, in the jury's presence, on

the defendant's failure to testify in his behalf.

The evidence which appellant intended to introduce was admissible. Appellant moved to reopen before the charge was read or final arguments were made, and he was present and ready to testify. There is no evidence which suggests that reopening would have caused undue delay in the trial.

The judgment of the trial court is reversed and the cause is remanded.