**Christopher Ken YEE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–89–641–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

April 26, 1990.
Rehearing Denied May 17, 1990.

Michael B. Charlton, Houston, for appellant.

Alan Curry, Houston, for appellee.

Before ROBERTSON, DRAUGHN and ELLIS, JJ.

## OPINION

DRAUGHN, Justice.

Appellant, Christopher Ken Yee, was charged by indictment with the felony offense of possession with intent to deliver a controlled substance, namely, 3,4 methylenedioxy amphetamine (MDA), weighing at least four hundred (400) grams by aggregate weight, including any adulterants and dilutants. The jury found him guilty and assessed punishment at a fine of $100,000 and seventy-five (75) years' confinement in the Texas Department of Corrections. Appellant raises three points of error. We reverse and remand.

■ At trial, shortly after both sides had rested and closed but before the charge was read to the jury and final arguments presented, appellant's counsel asked permission to reopen the case and call appellant as a witness. He explained that appellant, being of Oriental background and without a clear command of the English language, had been nervous at the beginning of the trial but "has settled down and desires to testify."

The trial court denied the request:

THE COURT: Well, Counsel, I must say for the record, he appears to me to have been calm all the way during the trial. Even during the time that he made a statement that the confidential informant was a dead man.

APPELLANT'S COUNSEL: Who said that?

THE COURT: The defendant, your client said that. It was people around this courtroom heard it.

APPELLANT'S COUNSEL: Your Honor, that is a total fabrication. My client has never told me that anyone was a dead man.

THE COURT: Did you hear, Court Reporter?

THE COURT REPORTER: (Nods affirmatively.)

APPELLANT'S COUNSEL: Told me that he was a dead man?

STATE'S COUNSEL: What statement did you hear?

THE COURT REPORTER: He just signed his life away.

APPELLANT'S COUNSEL: When was that statement supposedly made?

THE COURT: Yesterday during the reading of the contract. That seems to me the statement of a very calm man.

APPELLANT'S COUNSEL: Judge, if he made that statement, I certainly didn't hear it and cannot believe that my client said that. I was sitting right here. I would have heard it.

THE COURT: Whether he did or not, other folks heard it. Do you have any objections to the charge?

■ Texas law requires a trial court to allow testimony to be introduced at any time before the argument of a case is concluded if it appears it is necessary to a due administration of justice. TEX.CODE CRIM. PROC.ANN. art. 36.02 (Vernon 1981). Although the decision whether to reopen is left to the sound discretion of the trial court, this discretion is not unlimited. *Holifield v. State*, 599 S.W.2d 836, 837 (Tex. Crim.App.1980); *Thomas v. State*, 681 S.W.2d 111, 113 (Tex.App.—Houston [14th Dist.] 1984, pet. ref'd). Rather, the court must reopen the case when the following conditions are met: (1) the witness must be present and ready to testify; (2) the request to reopen must have been made before the charge was read to the jury and final arguments were made; (3) the judge must have had some indication of what the testimony would be, and must have been satisfied that the testimony was material and bore directly on the main issues in the case; and (4) there is no showing that introduction of the testimony would have impeded the trial or interfered with the orderly administration of justice. *Scott v. State*, 597 S.W.2d 755, 757–58 (Tex.Crim. App.1979); *Tucker v. State*, 578 S.W.2d 409, 410 (Tex.Crim.App.1979); *Vital v. State*, 523 S.W.2d 662, 664–65 (Tex.Crim. App.1975).

■ Further, we agree with the Tyler Court of Appeals that

a court must inquire into and determine if the proffered evidence is admissible, material to resolution of disputed issues, and readily available. If it is, the court has no discretion to deny the request.

*Fuller v. State*, 737 S.W.2d 113, 115 (Tex. App.—Tyler 1987, no pet.) (citing *Vital*, 523 S.W.2d at 664–65). Without such inquiry, the trial court has no sound basis for excluding evidence which the defendant may be entitled to have considered by the trier of fact. This is true regardless of the weight of the evidence or the issue upon which it is offered. *Rogers v. State*, 774 S.W.2d 247, 263 (Tex.Crim.App.), *cert. denied*, —— U.S. ——, 110 S.Ct. 519, 107 L.Ed.2d 520 (1989)); *Vital*, 523 S.W.2d at 664–65. We cannot say that the trial judge did not have an indication of what appellant's testimony would be, as it appears

obvious that any defendant's testimony could be material and bear directly on the main issues of the case. Although appellant did not make a bill of exceptions, his defense at trial was that a telephone conversation linking him to the delivery of the controlled substance never took place. In *Arteaga v. State*, 757 S.W.2d 158 (Tex.App.—San Antonio 1988, no pet.), although the defendant did not make a bill of exceptions, his complaint was properly before the San Antonio Court of Appeals because it was clear that he should have been allowed to reopen his case. At the charge conference, after the judge denied his requested instructions, he had moved to reopen the case in order to testify as to the existence of facts which, he argued, would raise the defensive issues in question and entitle him to the requested instructions. *Id.* at 159.

Here, the trial judge expressly based his ruling on the unsworn hearsay statement of the court reporter without regard to the substance of the testimony that appellant might have given. We hold that the trial court abused its discretion in depriving the appellant of the opportunity to testify when the court had some indication that appellant's testimony would be relevant, and there is no showing that reopening the case would have caused undue delay in the trial. We consider it critical for the trial court to allow a defendant charged with a crime to testify in his own behalf if such allowance would not significantly delay the completion of the trial. Disallowance of such testimony by the trial court for stated reasons which are grounded on hearsay statements by unsworn third parties who are not subject to cross-examination constitutes an abuse of discretion in our opinion. Our disposition of the case on this ground makes it unnecessary to consider appellant's other contentions.

The judgment is reversed and the cause remanded.

ROBERTSON, Justice, dissenting.

Whether a trial court should permit additional testimony after the evidence is closed is left to the sound discretion of the trial court. There is absolutely no showing of what testimony appellant would have given had the trial judge permitted him to reopen. Appellant has therefore not complied with TEX.R.APP.P. 52(b). The majority excuses appellant's failure to perfect a bill of exception on the issue because "it appears obvious that any defendant's testimony could be material and bear directly on the main issues of the case." I am not aware of any authority permitting an appellate court to *presume* the substance of excluded testimony in order to find an abuse of discretion by the trial court in failing to permit the evidence to be reopened so that testimony could be heard. I, therefore, respectfully dissent.