**Christopher Ken YEE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 636–90.**

Court of Criminal Appeals of Texas, En Banc.

June 26, 1991.

Rehearing Denied Sept. 18, 1991.

Michael B. Charlton and Charles F. Baird (on appeal only), Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Alan Curry and Donna Cameron, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

**OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW**

MALONEY, Judge.

Appellant was convicted of possession with intent to deliver a controlled substance—3,4 methylenedioxy amphetamine—weighing at least 400 grams. The jury assessed his punishment at seventy-five years' confinement in the Texas Department of Corrections,[1] and a $100,000 fine. The Fourteenth Court of Appeals reversed the conviction, holding that the trial court abused its discretion when it refused to allow appellant to reopen his case and introduce additional evidence after both sides had rested and closed. *Yee v. State*, 790 S.W.2d 361 (Tex.App.—Houston [14th Dist.], 1990).

This Court initially granted the State's petition for discretionary review to consider two grounds: whether the court of appeals erred in holding that the trial court abused its discretion in refusing to allow appellant to reopen his case; and whether the court of appeals erred in placing upon the trial court the burden of making a bill of exception or offer of proof.

Upon review of the briefs and arguments of both the State and appellant, we now conclude that the State's petition was improvidently granted. Accordingly, the State's petition for review is dismissed.

BENAVIDES, J., concurs in the result with the following note:

Judge Benavides would affirm the holding of the Court of Appeals that the trial court abused its discretion in not allowing the defendant to reopen his case so that he might testify at his own trial.

BAIRD, J., not participating.

1. Now the Texas Department of Criminal Justice, Institutional Division.

WHITE, Judge, dissenting.

Appellant was convicted of possession with intent to deliver a controlled substance, 3,4 methylenedioxy amphetamine, weighing at least 400 grams. The jury assessed his punishment at a $100,000 fine and seventy-five years' confinement in the Texas Department of Corrections.[1] On direct appeal, appellant raised three points of error. The Court of Appeals addressed only the third, reversing appellant's conviction and remanding the cause to the trial court. *Yee v. State,* 790 S.W.2d 361, at 362–363 (Tex.App.—Houston [14th Dist.], 1990).

In reversing appellant's conviction, the majority opinion of the Court of Appeals stated that the trial court abused its discretion when it refused to allow appellant to reopen his case and introduce additional evidence. *Yee, supra.* Appellant had requested that he be allowed to reopen his case after both sides had rested and closed. Justice Robertson dissented from the decision of the majority. *Yee,* 790 S.W.2d, at 363.

This Court granted the State's petition for discretionary review on two grounds: that the Court of Appeals erred in holding that the trial court abused its discretion in refusing to allow appellant to reopen his case, and that the Court of Appeals erred in placing upon the trial court the burden of making a bill of exception or an offer of proof.

Today, the majority of this Court has decided that the State's petition was improvidently granted. This Court has decided to let stand the majority opinion of the Court of Appeals. I respectfully dissent.

In reviewing the opinions of the Court of Appeals, I find myself in agreement with the reasoning of Justice Robertson in his dissenting opinion:

> "Whether a trial court should permit additional testimony after the evidence is closed is left to the sound discretion of the trial court. There is absolutely no showing of what testimony appellant would have given had the trial judge permitted him to reopen. Appellant has therefore not complied with TEX. R.APP.P. 52(b). The majority excuses appellant's failure to perfect a bill of exception on the issue because "it appears obvious that any defendant's testimony could be material and bear directly on the main issues of the case." I am not aware of any authority permitting an appellate court to presume the existence of excluded testimony in order to find an abuse of discretion by the trial court in failing to permit the evidence to be reopened so that testimony could be heard." (emphasis in the original).

*Yee,* 790 S.W.2d, at 363. Finding Justice Robertson's reasoning to be sound, I would hold that this Court adopt his dissenting opinion as our own.

I see no logical, theoretical, or practical basis for assuming that everything and anything a defendant might say from the witness stand at trial will always be material. That's why we have a rule to provide for a proponent to proffer what testimony he might have given, a rule which appellant did not avail himself of in the instant case. The judgment of the Court of Appeals should be reversed. I dissent to the majority's opinion to do otherwise.

McCORMICK, P.J., joins this dissent.

---

**1.** Now, the Texas Department of Criminal Justice, Institutional Division.