**Thomas Jefferson SIMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–91–00656–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

June 11, 1992.

Catherine Greene Burnett, Houston, for appellant.

Alan Curry, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and CANNON, JJ.

## OPINION

CANNON, Justice.

Appellant entered a plea of not guilty before a jury to the offense of possession of less than twenty-eight grams of a controlled substance, namely cocaine. TEX. HEALTH & SAFETY CODE ANN. § 481.115(b). He was convicted and the jury assessed punishment, enhanced under TEX.PENAL CODE ANN. § 12.42(d), at imprisonment for thirty years. Appellant raises five points of error. We affirm.

On December 19, 1990, at approximately 11:45 p.m., Houston Police Officers Douglas Echard and Paul Hershey were working as security guards for a night club in Houston. The club is located in a high-crime area known for its drug activity. While the officers monitored the parking near the club, they saw appellant walking around some of the cars and peering inside the windows. Appellant was carrying a chain saw and a paper bag that contained other power tools.

Appellant eventually noticed the officers watching him and placed the chain saw and the bag of power tools on the ground and began walking away. The officers began walking toward appellant and called at him to stop. Appellant hesitated and continued walking until the officers called at him again. Appellant stopped and the officers asked him what he was doing—looking in cars. Appellant did not have an answer. When asked who owned the power tools, appellant replied that he found the tools in a dumpster located around the corner. When the officers told appellant that they did not believe him, appellant stated that he bought the tools from a particular individual.

During the questioning by the officers, appellant appeared nervous and placed his left hand into his front left pants pocket. Officer Echard asked appellant to remove his hand. Appellant complied and Officer Echard patted appellant's pockets for safety reasons. Officer Echard felt something long and hard and thought that the object was a knife, screwdriver or ice pick. As the officers questioned him further, appellant again placed his hand in his front left pants pocket. After telling appellant to remove his hand, Officer Echard reached into appellant's pocket and pulled out a three- or four-inch metal pipe, which he immediately recognized was used for smoking crack cocaine. The officers placed appellant under arrest and called for a patrol unit to take appellant to jail. Officer Echard took the crack pipe to the station where it field tested positive for traces of crack cocaine. A subsequent analysis of the substance in the crack pipe confirmed that it was .4 milligrams of pure cocaine.

Appellant testified that the crack pipe was discovered in the right pocket of the jacket he was wearing that night and that he had earlier loaned his jacket to an individual by the name of Arthur Pride. Appellant never denied having knowledge of the existence of the pipe in the jacket. Arthur Pride testified that he borrowed appellant's jacket on the night in question. He testified that he smoked crack cocaine and placed the crack pipe in the right pocket of the jacket before returning the jacket to appellant.

In his first point of error, appellant contends that "the evidence is insufficient to show that there was an intentional possession of a controlled substance cocaine because of the finite amount of the drug

detected in the pipe recovered from appellant."

In reviewing the sufficiency of the evidence, the test is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Butler v. State,* 769 S.W.2d 234, 239 (Tex. Crim.App.1989). "A reviewing court ... faced with a record of historical facts that support conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Matson v. State,* 819 S.W.2d 839, 845–46 (Tex.Crim.App.1991); *Farris v. State,* 819 S.W.2d 490, 495 (Tex.Crim.App. 1990), *cert. denied,* — U.S. —, 112 S.Ct. 1278, 117 L.Ed.2d 504 (1992) (quoting *Jackson v. Virginia,* 443 U.S. at 326, 99 S.Ct. at 2792). Where an accused is charged with unlawful possession of a controlled substance, the State must prove two elements: (1) that the accused exercised care, control, and management over the contraband; and (2) that the accused knew the matter was contraband. *Martin v. State,* 753 S.W.2d 384, 387 (Tex.Crim.App.1988).

This Court has recently held that possession of a minute amount of a controlled substance is sufficient to sustain a conviction if the amount seized can be seen and measured. *Campbell v. State,* 822 S.W.2d 776, 777 (Tex.App.—Houston [14th Dist.] 1992, pet. pending); *see also Jackson v. State,* 807 S.W.2d 387, 390 (Tex.App.— Houston [14th Dist.] 1991, pet. ref'd). In *Campbell,* we stated that "if the amount of a controlled substance seized from the defendant can be seen and measured, it is sufficient to establish that the defendant knew it was a controlled substance." *Id.* There, we found the evidence insufficient to support the defendant's conviction because there was no evidence that the co-

caine residue found in a matchbox seized from the defendant could be seen with the naked eye. *Id.*

Here, the chemist testified that he observed the residue in the pipe with the naked eye. Appellant's guilty knowledge is further evidenced by his possession of the cocaine inside a crack pipe found on his person. *See Jarrett v. State,* 818 S.W.2d 847, 849 (Tex.App.—Houston [1st Dist.] 1991, no pet.); *Thomas v. State,* 807 S.W.2d 786, 789 (Tex.App.—Houston [1st Dist.] 1991, pet. ref'd).[1] Viewing the evidence in the light most favorable to the prosecution, we hold that there is sufficient evidence to support appellant's conviction.

In his second and third points of error, appellant contends that the trial court erred in refusing to suppress evidence of the crack pipe because it was discovered as a result of an illegal search and seizure.

We need not address the merits of appellant's search and seizure arguments because appellant failed to preserve error. Appellant's motion to suppress was never presented to or ruled upon by the court before trial. Appellant only "reurged" the motion after the State rested its case-in-chief. As a result, it was untimely and preserved nothing for review. *Nelson v. State,* 626 S.W.2d 535, 536 (Tex.Crim.App. [Panel Op.] 1981). Even if the trial court had overruled appellant's motion to suppress before trial, appellant waived any error to the admission of the complained of evidence when his attorney affirmatively asserted during trial that he had "no objections" to the admission of the pipe. *Moraguez v. State,* 701 S.W.2d 902, 904 (Tex. Crim.App.1986); *Taylor v. State,* 820 S.W.2d 392, 395 (Tex.App.—Houston [14th Dist.] 1991, no pet.). We overrule appellant's second and third points of error.

In his fourth point of error, appellant contends that the trial court erred "in refusing to charge the jury on the lesser-included offense of possession of narcotics paraphernalia."

---

1. In *Campbell,* the cocaine was contained in a matchbox found on the defendant's person. 822 S.W.2d at 777. A matchbox, unlike a metal crack pipe, is not necessarily drug paraphernalia. *See* Tex.Health & Safety Code Ann. § 481.-002(17)(I), (L).

■ Appellant argues that the minuscule amount of cocaine seized plus the fact that the pipe was discovered in his jacket after it was borrowed by someone else establishes that he was guilty only of possessing the crack pipe. A charge on a lesser-included offense is required only if the lesser-included offense is within the proof necessary to establish the offense charged and there is some evidence in the record that if the defendant is guilty, he or she is guilty only of the lesser-included offense. *Mitchell v. State*, 807 S.W.2d 740, 741 (Tex.Crim.App.1991) (citing *Royster v. State*, 622 S.W.2d 442, 446 (Tex.Crim.App. 1981)). That the State necessarily must prove the lesser offense in order to establish the elements of the greater offense does not automatically entitle the defendant to a charge on the lesser offense. *See Kinnamon v. State*, 791 S.W.2d 84, 96 (Tex.Crim.App.1990).

Appellant fails to satisfy the first prong of the *Royster* test because the offense of possession of narcotics paraphernalia is not within the proof necessary to establish the offense of possession of a controlled substance. TEX.CODE CRIM.PROC.ANN. art. 37.-09(1); *see Taylor v. State*, 805 S.W.2d 609, 611 (Tex.App.—Texarkana 1991, no pet.) (holding that sections 4.04 and 4.07 of Article 4476–15 of former Controlled Substances Act not *in pari materia* and stating that offense of possession of drug paraphernalia does not require proof of possession of controlled substance). Even if possession of drug paraphernalia were a lesser-included offense of possession of a controlled substance, appellant fails to meet the second prong of *Royster*. As previously noted, the amount of cocaine seized from the crack pipe found on appellant's person was large enough to establish appellant's knowing possession. Thus, there was no evidence in the record that established that appellant was guilty of only the lesser-included offense. The trial court did not err in refusing to instruct the jury on a lesser-included offense. We overrule appellant's fourth point of error.

■ In his fifth point of error, appellant contends that the trial court abused its discretion "by refusing to allow the defense to reopen evidence prior to the submission of the court's charge to the jury."

■ At the close of evidence but before final argument and the reading of the charge, defense counsel made a request to present the testimony of the clerk of the court where Arthur Pride was indicted for possession of cocaine based on his testimony in the instant case. The trial court inquired into the relevance of such testimony and then appellant requested "an instruction on drug paraphernalia." Defense counsel never obtained a ruling on his request. It is a long standing rule in this State, that absent an adverse ruling of the trial court, which appears in the record, there is not preservation of error. *Darty v. State*, 709 S.W.2d 652, 655 (Tex.Crim. App.1986). By failing to obtain an adverse ruling on his request to reopen the evidence, appellant failed to preserve error. *Id.* Even if appellant had preserved error, he failed to show how the proposed testimony would have materially changed the case in his favor.

Article 36.02 provides that:

The court shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it appears that it is necessary to a due administration of justice.

TEX.CODE CRIM.PROC.ANN. art. 36.02 (Vernon 1981).

■ This statute has been construed to mean that a trial judge commits reversible error when he refuses a request to reopen for the purpose of producing relevant and admissible evidence, regardless of its weight or the issue upon which it is offered, so long as the request is timely under the statute and does not threaten to unduly impede the trial. *Rogers v. State*, 774 S.W.2d 247, 263 (Tex.Crim.App.), *cert. denied*, 493 U.S. 984, 110 S.Ct. 519, 107 L.Ed.2d 520 (1989). The decision to reopen a case is left to the sound discretion of the trial court. *Cain v. State*, 666 S.W.2d 109, 111 (Tex.Crim.App.1984); *Gray v. State*, 797 S.W.2d 157, 160 (Tex.App.—Houston [14th Dist.] 1990, no pet.). The trial court

abuses its discretion when the following conditions are met:

(1) the witness was present and ready to testify;

(2) the request to reopen was made before the charge was read to the jury and final arguments were made;

(3) the court had some indication of what the testimony would have been, and was satisfied that the testimony was material and bore directly on the main issues in the case; and,

(4) there was no showing that introduction of the testimony would have impeded the trial or interfered with the orderly administration of justice.

*Yee v. State*, 790 S.W.2d 361, 362 (Tex. App.—Houston [14th Dist.] 1990 pet. granted), *pet. dism'd*, 815 S.W.2d 691 (Tex.Crim. App.1991); *Gibson v. State*, 789 S.W.2d 421, 423 (Tex.App.—Fort Worth 1990, pet. ref'd).

■ The burden is on the defendant to show that the proposed testimony would have materially changed the case in his favor. *Yee*, 815 S.W.2d at 692 (Judge White dissenting); *Gray*, 797 S.W.2d at 160. At trial, defense counsel argued that the clerk's testimony concerning the subsequent indictment of Pride was relevant to the credibility of Pride's testimony because it showed that the State believed his testimony that the pipe belonged to him. The prosecutor argued that such testimony would show only that Pride was indicted for joint possession of cocaine based on his admission under oath and in open court.

■ Third-party confessions are admissible only when the guilt of the third party is inconsistent with the guilt of the accused. *See Erwin v. State*, 729 S.W.2d 709, 716 (Tex.Crim.App.1987); *Ybarra v. State*, 768 S.W.2d 491, 494 (Tex.App.— Houston [1st Dist.] 1989, pet. ref'd). Testimony by the clerk to the effect that Pride was indicted for *joint* possession of cocaine is inadmissible because it is not inconsistent with appellant's guilt. The jury had already heard Pride's testimony that he smoked crack cocaine on the night in question and that the crack pipe seized from appellant belonged to him. That testimony

was immaterial to the issue of whether appellant knowingly possessed cocaine at the time of his arrest. That Pride was also indicted for possession of cocaine likewise has no bearing on appellant's guilt. The trial court properly refused to reopen the case for immaterial and inadmissible evidence. *Tucker v. State*, 578 S.W.2d 409, 410 (Tex.Crim.App. [Panel Op.] 1979). Even if the clerk's testimony were material and admissible, there is no showing that the clerk was ready and available to testify. *Yee*, 790 S.W.2d at 362. We find no abuse of discretion by the trial court in refusing to reopen the instant case. We overrule appellant's fifth point of error and affirm the judgment of the trial court.