NUMBER 13-99-236-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


__________________________________________________________________


JAMES DOYLE, Appellant,


v.



THE STATE OF TEXAS, Appellee.

__________________________________________________________________


On appeal from the County Criminal Court


at Law No. 15 of Harris County, Texas.


__________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Chavez and Rodriguez



Opinion by Justice Chavez






 On October 22, 1998, appellant James Doyle was the driver of
one of three vehicles involved in an accident in Harris County. A jury
found him guilty of the misdemeanor offense of driving while
intoxicated, and the court assessed punishment at 180 days in jail
and a fine of $400. Appellant raises four issues on appeal. We
affirm.

 At trial, the State presented five witnesses to provide testimony
regarding appellant's loss of mental and physical faculties. The State
then informed the court that its next witness, Officer D.J. Gutierrez,
the operator of the intoxilyzer, although subpoenaed, would not
come before the court because of child care problems. The court
issued a writ of attachment for Officer Gutierrez, and the State
rested. At the start of the trial the next day, the court granted a
motion by appellant for an instructed verdict as to the allegation that
appellant's breath alcohol concentration was .10 or greater.(1)

 Appellant called one witness who testified that he did not
appear intoxicated the night of the offense. In rebuttal, the State
called Officer Gutierrez and intoxilyzer chemist Frank Hwo to testify
about the intoxilyzer test administered on appellant. Appellant
objected, arguing that the testimony was irrelevant because the
breath alcohol concentration was no longer at issue after the
instructed verdict. The court admitted the testimony over appellant's
objection. 

 In his first issue appellant asserts that the trial court abused its
discretion by admitting Gutierrez's and Hwo's testimony into
evidence after granting his motion for an instructed verdict. In this
claim, appellant contends that because he did not contest whether or
not he had consumed any alcohol, the testimony regarding the
intoxilyzer was inadmissible. The Fourteenth Court of Appeals has
determined that intoxilyzer results are relevant to determine whether
an individual has consumed alcohol. Verbois v. State, 909 S.W.2d
140, 141-42 (Tex. App--Houston [14th Dist.] 1995, no pet.). To our
knowledge, neither the court of criminal appeals nor any state
appellate court has determined whether intoxilyzer results are
relevant to determine whether an individual is legally intoxicated. We
will now make this determination.

 Relevant evidence makes the existence of any fact that is of
consequence to the determination of an issue more or less probable
than it would be without the evidence. Tex. R. Evid. 401. Relevant
evidence is generally admissible unless its probative value is
substantially outweighed by the danger of unfair prejudice. Tex. R.
Evid. 402; 403. Since Rule 403 favors admissibility of relevant
evidence, the presumption is that relevant evidence will be more
probative than unfairly prejudicial. Montgomery v. State, 810 S.W.2d
372, 389 (Tex. Crim. App. 1991). An appellate court may review a
trial court's decision to admit evidence only for an abuse of
discretion. Richardson v. State, 879 S.W.2d 874, 880-81 (Tex. Crim.
App. 1993). 

 The intoxilyzer measures the level of breath alcohol
concentration. We do not see any unfair prejudice that outweighs
this clear probative value, and therefore see no abuse of discretion in
the admission of the evidence itself.

 We now turn to whether the trial court could admit this
evidence after it sustained appellant's motion for an instructed
verdict. A trial court may allow additional testimony to be introduced
at any time before the conclusion of arguments if the testimony
appears to be necessary to the due administration of justice. Tex.
Code Crim. Proc. Ann. art. 36.02 (West 2000). This is the case even
when the defendant has previously moved for an instructed verdict. 
Wolf v. State, 674 S.W.2d 831, 842 (Tex. App.--Corpus Christi 1984,
pet. ref'd). The court's decision is reviewed on appeal for an abuse
of discretion, including when the defendant has moved for an
instructed verdict. Boatright v. State, 472 S.W.2d 765, 770 (Tex.
Crim. App. 1971); Wolf v. State, 674 S.W.2d at 842. 

 By allowing the State to rebut appellant's testimony, the court
reopened the case. The decision to reopen a case is left up to the
discretion of the trial court. Cain v. State, 666 S.W.2d 109, 111 (Tex.
Crim. App. 1984). The trial court abuses its discretion if it refuses to
reopen a case when the following conditions are met: 1) the witness
was present and ready to testify; 2) the request to reopen was made
before the charge was read to the jury and final arguments were
made; 3) the court had some indication of what the testimony would
have been, and was satisfied that the testimony was material and
bore directly on the main issues in the case; and, 4) there was no
showing that introduction of the testimony would have impeded the
trial or interfered with the orderly administration of justice. Sims v.
State, 833 S.W.2d 281, 286 (Tex. App.--Houston [14th Dist.] 1992
pet. ref'd); Yee v. State, 790 S.W.2d 361, 362 (Tex. App.--Houston
[14th Dist.] 1990), pet. dism'd, 815 S.W.2d 691 (Tex. Crim. App.
1991); Gibson v. State, 789 S.W.2d 421, 423 (Tex. App.--Fort Worth
1990, pet. ref'd). Gutierrez's testimony and Hwo's testimony fit all
four of these standards. We see no abuse of discretion, and overrule
appellant's first issue.

 Appellant's third and fourth issues are closely related to his
first. In these two issues appellant asserts that the trial court erred
and abused its discretion by charging the jury as to intoxication
based upon a breath alcohol concentration of ten milliliters per
deciliter because these allegations had been stricken by the
instructed verdict. In each misdemeanor case tried in a court of
record, the judge shall, before the argument begins, deliver to the
jury a written charge distinctly setting forth the law applicable to the
case. Tex. Code Crim. Proc. Ann. art. 36.14 (West 2000). The correct
jury charge is one that accurately sets out the law, is authorized by
the indictment, does not unnecessarily increase the State's burden of
proof or unnecessarily restrict the theories of liability, and adequately
describes the particular offense for which the defendant was tried. 
Malik v. State, 953 S.W.2d 234, 241 (Tex. Crim. App. 1997). 

 Here, appellant was charged with driving while intoxicated, and
the charging instrument alleged both that appellant had lost the
normal use of his mental and physical faculties and that appellant
had a breath alcohol concentration of ten milliliters per deciliter. The
jury charge was consistent with the indictment and with the
evidence presented at trial. As explained above, the trial court did
not abuse its discretion by allowing evidence regarding appellant's
breath alcohol concentration after granting his motion for an
instructed verdict. It would be pointless to allow this evidence at
trial, but not in the jury charge that applied this evidence to the
allegations in the indictment. Appellant's third and fourth issues are
overruled.

 In his second issue, appellant argues that the trial court abused
its discretion when it admitted retrograde extrapolation testimony
regarding the breath alcohol concentration the State alleged. Hwo's
testimony related a hypothetical situation regarding a breath test
result, produced over an hour after a person was driving. This type
of testimony is retrograde extrapolation of breath alcohol
concentration. Hwo estimated that a person in this situation would
have a blood alcohol concentration of .13% at the time he was
driving. Appellant states that the testimony did not meet the
requirements for the admission of opinion evidence predicated on
scientific theories established in Kelly v. State, 824 S.W.2d 568 (Tex.
Crim. App. 1992), and that the evidence was not relevant. 

 Appellant never made these objections at trial. The record
reflects that appellant's only objections regarding Hwo's testimony
were, "to leading the witness," and "to what the law is regarding
extrapolation." Neither objection relates to opinion evidence
predicated on scientific theories or to the relevance of the Hwo's
testimony. The first objection is irrelevant to retrograde extrapolation
testimony. The second objection is too vague to preserve error
regarding the scientific foundation of retrograde extrapolation
testimony. An error presented on appeal must be the same as the
objection raised at trial to be properly preserved for review. Tex. R.
App. Proc. 33.1 Bouchillon v. State, 540 S.W.2d 319, 322 (Tex.
Crim. App. 1976); Jones v. State, 644 S.W.2d 530, 532 (Tex. App--Corpus Christi 1982, no pet.). We therefore overrule appellant's
second issue.

 The judgment of the trial court is AFFIRMED.

 MELCHOR CHAVEZ

 Justice



Publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed this

the 13th day of July, 2000.

 

1. The information reads in its relevant part that appellant,
"having an alcohol concentration of at least .10 in his breath [did]
operate a motor vehicle in a public place."