Opinion filed February 25,
2010

 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                           No. 11-08-00229-CR

                                                    __________

 

                            REGINALD
LEGGINS GRUBBS, Appellant

 

                                                             V.

 

                                       STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 161st District Court

 

                                                           Ector
County, Texas

 

                                                 Trial
Court Cause No. B-33,950

 



 

                                           M E M O R A N D
U M   O P I N I O N

The jury convicted Reginald Leggins Grubbs
of possession of cocaine in the amount of less than one gram.  The trial court
sentenced appellant to eighteen months confinement and assessed a fine of
$1,000.  We affirm.








Appellant presents two issues on appeal.  In
his first issue, he challenges the legal sufficiency of the evidence showing
that he possessed the cocaine.  To determine if the evidence is legally
sufficient, we must review all of the evidence in the light most favorable to
the verdict and determine whether any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664 (Tex.
Crim. App. 2000).  In cases involving unlawful possession of a controlled
substance, the State must prove that the accused exercised care, custody,
control, or management over the substance and that the accused knew that the
matter possessed was contraband.  Tex.
Health & Safety Code Ann. '
481.002(38) (Vernon Supp. 2009); Poindexter v. State, 153 S.W.3d 402,
405 (Tex. Crim. App. 2005); Martin v. State, 753 S.W.2d 384, 386 (Tex.
Crim. App. 1988).  When the contraband is not found on the accused=s person or in a place that
he exclusively possesses, additional facts must affirmatively link the accused
to the contraband so that one may reasonably infer that he knew about the
contraband=s existence
and exercised control over it.  Smith v. State, 56 S.W.3d 739, 747 (Tex.
App.CHouston [14th
Dist.] 2001, pet. ref=d);
Jones v. State, 963 S.W.2d 826, 830 (Tex. App.CTexarkana 1998, pet. ref=d).

The record shows that Ector County Deputy
Sheriff Abel Sanchez stopped appellant for committing a traffic violation of
failing to signal a lane change.  Deputy Sanchez knew that appellant did not
have a driver=s
license.  After confirming that appellant did not have a driver=s license, Deputy Sanchez
arrested him for driving without a license.  Deputy Sanchez conducted a search
incident to arrest.  During the search, Deputy Sanchez found a rolled-up, brown
paper bag in the inner pocket of the jacket that appellant was wearing.  Inside
the bag, Deputy Sanchez found a small quantity of a white rocky substance that
he believed was a Auser@ amount of crack cocaine. 
Texas Department of Public Safety Chemist Dennis Hambrick tested the substance
and found that it weighed .01 grams and contained cocaine.








Appellant contends that, Abecause of the minute
amount of cocaine involved in this case[,] the evidence is legally insufficient
to allow a rational jury to find that [he] intentionally and knowingly
possessed the cocaine beyond a reasonable doubt.@ 
Appellant relies on evidence that the quantity of cocaine was so small that it
was hard to see.  There is no minimum weight required to sustain a conviction
for possession of a controlled substance.  Johnson v. State, 843 S.W.2d
238, 239 (Tex. App.CHouston
[14th Dist.] 1992, pet. ref=d). 
If the controlled substance can be seen and measured, the amount is sufficient
to establish that the defendant knew it was a controlled substance.  Johnson,
843 S.W.2d at 240 (1.5 milligrams of cocaine seized); Sims v. State, 833
S.W.2d 281, 283 (Tex. App.CHouston
[14th Dist.] 1992, pet. ref=d)
(.4 milligrams of cocaine seized).  Deputy Sanchez=s testimony established that the cocaine could
be seen, and Hambrick=s
testimony established that the cocaine could be seen and measured.  Hambrick
testified that the substance containing cocaine weighed .01 grams, which was
the equivalent of ten milligrams.

Deputy Sanchez found the cocaine on
appellant=s person. 
The cocaine could be seen and measured.  The evidence was legally sufficient to
support appellant=s
conviction.  Therefore, we overrule appellant=s
first issue.

In his second issue, appellant complains
that the trial court erred in making an evidentiary ruling.  After Deputy
Sanchez seized the cocaine, the State maintained it inside a clear plastic bag
inside an evidence envelope.  Various details relating to the case were stated
on the label on the front of the evidence envelope, including a description of
the contents of the envelope (rocky white substance), the case number, the
offense, and an identification of appellant as being the suspect in the case. 
The State introduced the evidence envelope into evidence as State=s Exhibit No. 1.  Appellant
contends that the trial court erred in admitting the label of the evidence
envelope because the statements on the envelope were hearsay.

The State=s
first witness at trial was Vikkie Drennan.  She testified that she was employed
by the Ector County Sheriff=s
Office in the Crime Scene Investigation Division.  Drennan provided some
testimony about the evidence envelope, and then the following exchange took
place:

[PROSECUTOR]: Okay.  And what does the front of the jacket of
State=s Exhibit No. 1
show?

 

[WITNESS]: Okay.  It shows the contents of the envelope.  The
location, who it was recovered by.  The suspect, the victim, and the type of
offense.

 

[PROSECUTOR]: Okay.  And what is the name of the suspect?

 

[WITNESS]: Reginald B


 

[DEFENSE COUNSEL]: Your Honor, we are going to object.  She
is reading from that document for the truth of the matter asserted.  It is
hearsay.  It has not been offered B


 

THE COURT: I will sustain that objection.

 

[PROSECUTOR]: Well, Your Honor, at this time the State would
offer State=s Exhibit
No. 1 into evidence.

 


THE COURT: Show it to [Defense Counsel] and let him have a
look at it.

 








. . . .

 

[DEFENSE COUNSEL]: What is the State intending to offer,
[Prosecutor]?

 

[PROSECUTOR]: Well, we simply want to offer the
identification that is written on this envelope.  What that shows, who it was
recovered by.  Who the suspect is and B

 

[DEFENSE COUNSEL]: And that is in her handwriting?

 

[WITNESS]: This is my writing, yes.

 

[DEFENSE COUNSEL]: Okay. No objection.

 

THE COURT: Over no objection, it will be admitted.

 

Although defense counsel
objected to Drennan reading from the evidence envelope before it had been
offered into evidence, he stated that he had no objection when the State
offered the envelope into evidence.  To preserve error, a complaining party
must make a timely and specific request, objection, or motion and obtain an
express or implied ruling on that request, objection, or motion.  Tex. R. App. P. 33.1; Lopez v. State,
253 S.W.3d 680, 684 (Tex. Crim. App. 2008); Wilson v. State, 71
S.W.3d 346, 349 (Tex. Crim. App. 2002).  Appellant did not object to the
admission of the evidence envelope.  Therefore, appellant failed to preserve
his complaint for review.  In addition, appellant has not shown any harm from
the admission of the evidence envelope.  Tex.
R. App. P. 44.2(b).  We overrule appellant=s
second issue.

We affirm the judgment of
the trial court.

 

 

TERRY McCALL

JUSTICE

 

February 25,
2010                   

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.