**Opinion filed February 25, 2010**



## In The

# Eleventh Court of Appeals

_____

### No. 11-08-00229-CR

_____

## REGINALD LEGGINS GRUBBS, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 161st District Court**

**Ector County, Texas**

**Trial Court Cause No. B-33,950**

## M E M O R A N D U M   O P I N I O N

The jury convicted Reginald Leggins Grubbs of possession of cocaine in the amount of less than one gram. The trial court sentenced appellant to eighteen months confinement and assessed a fine of $1,000. We affirm.

Appellant presents two issues on appeal. In his first issue, he challenges the legal sufficiency of the evidence showing that he possessed the cocaine. To determine if the evidence is legally sufficient, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a

reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307 (1979); *Jackson v. State*, 17 S.W.3d 664 (Tex. Crim. App. 2000). In cases involving unlawful possession of a controlled substance, the State must prove that the accused exercised care, custody, control, or management over the substance and that the accused knew that the matter possessed was contraband. TEX. HEALTH & SAFETY CODE ANN. § 481.002(38) (Vernon Supp. 2009); *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005); *Martin v. State*, 753 S.W.2d 384, 386 (Tex. Crim. App. 1988). When the contraband is not found on the accused's person or in a place that he exclusively possesses, additional facts must affirmatively link the accused to the contraband so that one may reasonably infer that he knew about the contraband's existence and exercised control over it. *Smith v. State*, 56 S.W.3d 739, 747 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd); *Jones v. State*, 963 S.W.2d 826, 830 (Tex. App.—Texarkana 1998, pet. ref'd).

The record shows that Ector County Deputy Sheriff Abel Sanchez stopped appellant for committing a traffic violation of failing to signal a lane change. Deputy Sanchez knew that appellant did not have a driver's license. After confirming that appellant did not have a driver's license, Deputy Sanchez arrested him for driving without a license. Deputy Sanchez conducted a search incident to arrest. During the search, Deputy Sanchez found a rolled-up, brown paper bag in the inner pocket of the jacket that appellant was wearing. Inside the bag, Deputy Sanchez found a small quantity of a white rocky substance that he believed was a "user" amount of crack cocaine. Texas Department of Public Safety Chemist Dennis Hambrick tested the substance and found that it weighed .01 grams and contained cocaine.

Appellant contends that, "because of the minute amount of cocaine involved in this case[,] the evidence is legally insufficient to allow a rational jury to find that [he] intentionally and knowingly possessed the cocaine beyond a reasonable doubt." Appellant relies on evidence that the quantity of cocaine was so small that it was hard to see. There is no minimum weight required to sustain a conviction for possession of a controlled substance. *Johnson v. State*, 843 S.W.2d 238, 239 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd). If the controlled substance can be seen and measured, the amount is sufficient to establish that the defendant knew it was a controlled substance. *Johnson*, 843 S.W.2d at 240 (1.5 milligrams of cocaine seized); *Sims v. State*, 833 S.W.2d 281, 283 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd) (.4 milligrams of cocaine seized). Deputy Sanchez's testimony established that the cocaine could be seen, and Hambrick's testimony

2

established that the cocaine could be seen and measured. Hambrick testified that the substance containing cocaine weighed .01 grams, which was the equivalent of ten milligrams.

Deputy Sanchez found the cocaine on appellant's person. The cocaine could be seen and measured. The evidence was legally sufficient to support appellant's conviction. Therefore, we overrule appellant's first issue.

In his second issue, appellant complains that the trial court erred in making an evidentiary ruling. After Deputy Sanchez seized the cocaine, the State maintained it inside a clear plastic bag inside an evidence envelope. Various details relating to the case were stated on the label on the front of the evidence envelope, including a description of the contents of the envelope (rocky white substance), the case number, the offense, and an identification of appellant as being the suspect in the case. The State introduced the evidence envelope into evidence as State's Exhibit No. 1. Appellant contends that the trial court erred in admitting the label of the evidence envelope because the statements on the envelope were hearsay.

The State's first witness at trial was Vikkie Drennan. She testified that she was employed by the Ector County Sheriff's Office in the Crime Scene Investigation Division. Drennan provided some testimony about the evidence envelope, and then the following exchange took place:

> [PROSECUTOR]: Okay. And what does the front of the jacket of State's Exhibit No. 1 show?
>
> [WITNESS]: Okay. It shows the contents of the envelope. The location, who it was recovered by. The suspect, the victim, and the type of offense.
>
> [PROSECUTOR]: Okay. And what is the name of the suspect?
>
> [WITNESS]: Reginald –
>
> [DEFENSE COUNSEL]: Your Honor, we are going to object. She is reading from that document for the truth of the matter asserted. It is hearsay. It has not been offered –
>
> THE COURT: I will sustain that objection.
>
> [PROSECUTOR]: Well, Your Honor, at this time the State would offer State's Exhibit No. 1 into evidence.
>
> THE COURT: Show it to [Defense Counsel] and let him have a look at it.

3

. . . .

[DEFENSE COUNSEL]: What is the State intending to offer, [Prosecutor]?

[PROSECUTOR]: Well, we simply want to offer the identification that is written on this envelope. What that shows, who it was recovered by. Who the suspect is and –

[DEFENSE COUNSEL]: And that is in her handwriting?

[WITNESS]: This is my writing, yes.

[DEFENSE COUNSEL]: Okay. No objection.

THE COURT: Over no objection, it will be admitted.

Although defense counsel objected to Drennan reading from the evidence envelope before it had been offered into evidence, he stated that he had no objection when the State offered the envelope into evidence. To preserve error, a complaining party must make a timely and specific request, objection, or motion and obtain an express or implied ruling on that request, objection, or motion. TEX. R. APP. P. 33.1; *Lopez v. State*, 253 S.W.3d 680, 684 (Tex. Crim. App. 2008); *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). Appellant did not object to the admission of the evidence envelope. Therefore, appellant failed to preserve his complaint for review. In addition, appellant has not shown any harm from the admission of the evidence envelope. TEX. R. APP. P. 44.2(b). We overrule appellant's second issue.

We affirm the judgment of the trial court.

TERRY McCALL

JUSTICE

February 25, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

4