**Opinion issued July 8, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00971-CR

———————————

**JASON BRIAN CONNOR, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 8**
**Harris County, Texas**
**Trial Court Case No. 1791565**

---

## MEMORANDUM OPINION

A jury convicted appellant, James Brian Connor, of the misdemeanor offense of driving while intoxicated (DWI), and the trial court assessed punishment at one year confinement, suspended in favor of placing appellant under community

supervision for two years, with three days' confinement in the county jail as a condition for the probation. In two points of error, appellant contends the trial court erred by denying his motion to suppress because: (1) the detaining officer lacked reasonable suspicion that appellant was intoxicated; and (2) the detention was impermissibly prolonged and was unreasonable. In his third point of error, appellant argues that the trial court erred by overruling his objection to the prosecutor's closing argument. We affirm.

## BACKGROUND

On the night of November 5, 2011, Officer Ramon of the Houston Police Department (HPD) was traveling westbound on the Katy Freeway when he saw appellant driving a black BMW "like a rocket." Ramon also saw appellant changing lanes unsafely by cutting in and out of traffic, sometimes without the use of a turn signal. Ramon testified that he saw other vehicles "hard braking" in response to appellant's driving. Ramon pulled over the appellant's car on the exit ramp to the Beltway. For safety reasons, Ramon approached the passenger side window of appellant's vehicle, and appellant admitted that he had been speeding. Upon further questioning, appellant responded that he was coming from a Japanese restaurant and had consumed "a beer and sake". Ramon testified that he could not smell any alcohol from the passenger side, but he had "a little suspicion" that appellant was intoxicated, so he requested the dispatch of a DWI unit to perform

field sobriety tests on appellant. Ramon was certified to administer field sobriety tests and had investigated about 100 DWI's in the past, but requested a DWI unit according to his supervisor's instructions. While waiting for the DWI unit officer to arrive, Ramon placed appellant in the backseat of his patrol car.

Approximately 10 minutes later, Officer Shepard of the HPD DWI unit arrived at the scene. Shepard saw that appellant had red, glassy eyes, and the officer smelled the odor of an alcoholic beverage on appellant's breath. Appellant admitted to Shepard that he had drunk a 24-ounce beer and a shot of sake. Shepard then conducted field sobriety tests on the median of the exit ramp while Ramon kept an eye on oncoming traffic. Appellant displayed all 6 possible clues for intoxication during the horizontal gaze nystagmus test when only 4 clues are necessary to indicate intoxication. Appellant was unable to complete the one-leg stand test without swaying, using his arms, and dropping his foot, exhibiting 3 clues when 2 clues indicate intoxication. Appellant struggled to maintain his balance during the walk and run test, exhibiting two clues when two clues indicate intoxication. Officer Shepard then arrested Appellant for driving while intoxicated.

**MOTION TO SUPPRESS**

In his first and second points of error, appellant contends that the trial court abused its discretion by denying his motion to suppress evidence constituting "all fruits of the detention." Specifically, appellant contends the trial court erred by

3

denying his motion to suppress because: (1) the detaining officer lacked reasonable suspicion that appellant was intoxicated; and (2) the detention was impermissibly prolonged and was unreasonable. The State responds that appellant's issues are not preserved for appellate review. We agree with the State.

*Preservation of Error*

Before trial, appellant did not file a motion to suppress any evidence obtained as a result of Ramon detaining appellant in the back of his car. Similarly, at trial, appellant did not object to Shepard's testimony or the video exhibit of the field sobriety tests.

However, after the State rested, appellant moved for directed verdict. In his motion for directed verdict, appellant claimed that Officer Ramon illegally detained appellant and requested that all testimony obtained after the detention, including the testimony of Officer Shepard, be suppressed. The trial judge denied both the motion for directed verdict and the motion to suppress without providing reasons.

In order for error to be preserved on appeal, the record must show that appellant made a timely request, objection, or motion with a corresponding ruling by the trial court. TEX. R. APP P. 33.1(a)(1); *Nelson v. State*, 626 S.W.2d 535, 536 (Tex Crim. App. [Panel Op.] 1981). An objection is timely only if it is raised as soon as the ground for objection becomes apparent. *Johnson v. State*, 878 S.W.2d

4

164, 167 (Tex. Crim. App. 1994). A motion to suppress is untimely if it was never presented to or ruled upon by the court before trial and is later made orally after the State rests its case-in-chief. *Sims v. State*, 833 S.W.2d 281, 284 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd); *see also Nelson*, 626 S.W.2d at 536 (holding that, even if appellant had obtained ruling on motion to suppress evidence obtained by illegal search and seizure, it would have been untimely because motion was first presented after State rested its case); *Vierling v. State*, No. 01-10-00247-CR, 2012 WL 4857363, at *4 (Tex. App.—Houston [1st Dist.] Oct. 11, 2012, pet ref'd) (mem. op., not designated for publication) (holding that motion to suppress was untimely when appellant filed it on first day of trial but did not move to suppress evidence obtained as result of traffic stop until after State had rested its case).

Here, appellant's motion to suppress was untimely because he did not file a pretrial motion, nor did he object to Officer Shepard's testimony until after the State had rested its case-in-chief. Appellant did not present his oral motion to suppress as soon as the grounds for objection became apparent; rather, the motion to suppress was included as an argument in favor of a motion for directed verdict. "There are two main purposes behind requiring a timely, specific objection: 1) to inform the judge of the basis of the objection and give him the chance to make a ruling on it, and 2) to give opposing counsel the chance to remove the objection or provide other testimony." *Garza v. State*, 126 S.W.3d 79, 82 (Tex. Crim. App.

5

2004). Requiring timely objections is particularly important in jury trials because a judge may shield the jury from hearing any potentially inadmissible evidence. *Id.* at 83.

In this case, the jury had already been presented with Shepard's testimony and video footage of the sobriety tests before appellant moved to suppress the evidence outside the jury's presence. The State had rested its case and would have been unable to provide other testimony. Further, with regards to the video footage of the sobriety tests, appellant stated that he had no objection to the admission of State Exhibit 1; rather, appellant informed the court that "[w]e would like it admitted." A defendant who affirmatively states that he has no objection to the admission of evidence sought to be suppressed has waived any complaint over the admission. *Moraguez v. State*, 701 S.W.2d 902, 904 (Tex. Crim. App. 1986).

The Texas Court of Criminal Appeals recognized a limited exception to *Nelson* in *Garza*, in which the appellant had filed a pre-trial motion to suppress, but the judge directed that the motion be carried with the trial. *Garza*, 126 S.W.3d at 84. The *Garza* exception is inapplicable here because there was no pre-trial motion to suppress, and the judge did not direct appellant that he carry the motion with the case.

Likewise, the fact that appellant also asserted his first and second points of error in his motion for new trial does not preserve the complained of error for

appeal. The failure to properly preserve error under Texas Rules of Appellate Procedure Rule 33.1 cannot be cured by raising the matter in a motion for new trial. *Igo v. State*, 210 S.W.3d 645, 647 (Tex. Crim. App. 2006).

Because appellant's motion to suppress was untimely and did not preserve the errors complained of, we overrule appellant's first and second points of error.

## IMPROPER JURY ARGUMENT

In his third point of error, appellant alleges that the trial court abused its discretion by overruling his objection to a personal statement made to the jury during closing statements. Appellant does not independently contest the trial court's decision to overrule his motions for a mistrial.

*Background*

During his closing argument, the prosecutor stated:

I watched these videos just as you did. And when I watch them, I always try to find that one point, that one point in the case where I am convinced beyond a reasonable doubt that that person is intoxicated. And I'm not going to try a case if I don't think someone truly is intoxicated.

Appellant objected on the grounds of offering a personal opinion. The objection was sustained, and the trial court instructed the jury to disregard the statement. Appellant also requested a mistrial, and the request was denied. The prosecutor continued, "And for me, it came with the one-leg stand. I watched as the Defendant puts his foot in the air and there was some sway . . . . [W]hen he did that move,

7

when his leg shot straight to the left, that's when I knew, that's when I knew that man . . . ." Again, the appellant objected on grounds of offering a personal opinion and requested a mistrial. The objection was sustained, and the trial court instructed the jury to disregard the statement, but the mistrial was denied. Later, in reference to the walk and turn test, the prosecutor stated, "It looked like he was suspended up in the air, walking a tightrope as he tried to balance. And that's when I knew that's a person that does not have the normal use of their mental faculties." The appellant objected on the same grounds, but this time the objection was denied.

*Standard of Review*

Permissible jury arguments generally fall into one of four areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) an answer to the argument of opposing counsel; or (4) a plea for law enforcement. *Davis v. State*, 329 S.W.3d 798, 821 (Tex. Crim. App. 2010); *Alejandro v. State*, 493 S.W.2d 230, 231–32 (Tex. Crim. App. 1973). Whether a party's jury argument properly falls within one of the four proper areas of jury argument is considered in light of the record. *Magana v. State*, 177 S.W.3d 670, 674 (Tex. App.—Houston [1st Dist.] 2005, no pet.); *see also Wesbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000). Jury argument that expresses the prosecutor's personal opinion is non-constitutional error. *See Allen v. State*, 149 S.W.3d 254, 261 (Tex. App.— Fort Worth 2004, pet. ref'd) (citing *Mosley v. State*, 983 S.W.2d 249, 259 (Tex.

8

Crim. App. 1998). Non-constitutional errors are reversible if the improper argument affects the defendant's substantial rights. TEX. R. APP. P. 44.2(b); *Martinez v. State*, 17 S.W.3d 677, 692 (Tex. Crim. App. 2000). If the non-constitutional error has a substantial and injurious effect upon the jury's verdict, then a substantial right is affected. *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).

*Error, if Any, is Harmless*

Even assuming that the prosecutor's remarks were an improper jury argument, they did not affect appellant's substantial rights, and any error in the trial court's ruling on appellant's objection was harmless. Courts balance three factors to determine whether or not an improper jury argument is harmful under Rule 44.2(b): (1) the severity or prejudicial effect of the misconduct; (2) any curative measures from the court; (3) the certainty of conviction absent the misconduct. *Martinez*, 17 S.W.3d at 692–93; *Mosley*, 983 S.W.2d at 259. An improper jury argument generally will not be considered harmful error unless, "in light of the record as a whole, the argument is extreme or manifestly improper, violative of a mandatory statute or injects new facts, harmful to the accused into the trial proceeding." *Todd v. State*, 598 S.W.2d 286, 297 (Tex. Crim. App. [Panel Op.] 1980).

9

The prejudicial effect of the prosecutor's statement was insignificant. The statement, "[a]nd that's when I knew that's a person that does not have the normal use of their mental faculties," came only after the prosecutor had recounted evidence concerning the officers' observations and the field sobriety tests. Even if the argument implied that the prosecutor had some special knowledge of intoxication, the argument also called upon the jury to evaluate the evidence in reaching its own conclusion. When read in light of the prosecutor's entire closing argument, the statement challenged on appeal lacked the severity to infringe appellant's substantial rights.

Because the judge overruled appellant's objection, there were no curative measures taken with regards to the statement challenged on appeal. Appellant also argues that the prosecutor's two prior improper statements, which the trial court instructed the jury to disregard, magnified the harmfulness of the prosecutor's subsequent statement. A prompt instruction to disregard by the trial court will generally cure any error associated with an improper jury argument "unless it appears the argument was so clearly calculated to inflame the minds of the jury or is of such a damning character as to suggest it would be impossible to remove the harmful impression from the juror's minds." *Torres v. State*, 424 S.W.3d 245, 261 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) (citing *Logan v. State*, 698 S.W.2d 680, 683–84 (Tex. Crim. App. 1985) (en banc)). Any error caused by

previous statements was cured because the trial court twice sustained appellant's objections and instructed the jury to disregard the statements. It is true that repeated noncompliance with a court's ruling on an improper jury argument can influence the harmfulness of the error. *See McClure v. State*, 544 S.W.2d 390, 393 (Tex. Crim. App. 1976). However, here the jury argument challenged on appeal related to the evidence rather than flatly asserting appellant's guilt based on personal knowledge.

Most importantly, in this case, the certainty of conviction was still substantial. The State introduced significant evidence of appellant's intoxication from two police officers who testified that appellant was speeding, drove unsafely, admitted to drinking, had red eyes, had a distinct odor of alcohol on his breath, refused to offer a blood sample, and failed three field sobriety tests. The videotapes of the field sobriety tests were also admitted into evidence. Because the foundation of the prosecutor's closing argument consisted of recounting these facts and asking the jury to rely on them in determining guilt, the remark in question likely had little weight in the jury's verdict.

Thus, even if we assume that the prosecutor's statement was an improper jury argument, it was harmless error because the impact of the statement upon the outcome of the trial and appellant's substantial rights was insignificant.

We overrule appellant's third point of error.

## CONCLUSION

We affirm the trial court's judgment.

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Higley and Brown.

Do not publish.   TEX. R. APP. P. 47.2(b).