Jack LUCIOUS, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–91–00314–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 27, 1992.

Stanley C. Kirk, Houston, for appellant.
Julie Klibert, Houston, for appellee.

Before PAUL PRESSLER, MURPHY and CANNON, JJ.

## OPINION

CANNON, Justice.

Appellant entered a plea of not guilty before a jury to the offense of robbery.

TEX.PENAL CODE ANN. § 29.02(a)(1). He was convicted and the jury assessed punishment, enhanced under TEX.PENAL CODE ANN. § 12.42(d), at imprisonment for life. Appellant brings five points of error. We affirm.

At approximately noon, on October 23, 1990, the complainant left work to walk to a nearby grocery store to buy a money order. As she walked underneath the railroad underpass on Polk street in Houston, a man grabbed her shoulders from behind and pushed her to the ground. The assailant grabbed her black leather purse and then pushed her head against the concrete sidewalk. The complainant got up and yelled for help. She saw the assailant run toward Milby street. The complainant described the assailant as a black man wearing a dark brown jacket, a cap, and light brown pants. There were no other individuals walking in the area. A man driving a blue truck was passing by and saw what happened. He abruptly turned his truck around and drove to the complainant, who had started running after the assailant on Milby street. He told the complainant to sit down and wait for the police and ambulance. He then gave chase to the assailant.

At approximately noon, on the same day, Johnny Fisher was working on his boat in the yard of his house on Milby street. He saw a man walking down the street toward Polk wearing "army green fatigue pants, a green T-shirt, and a green camouflage hunting hat." The man looked suspicious, so Fisher walked to the front of the house to make sure that the man passed his house. Fisher went back to working on his boat when he heard a dog bark and tires screech. Fisher walked to the front of his house, where he saw the same man with a black-looking object tucked under his arm sprinting down the street. He saw the man run through a vacant lot, stop and crouch down between some bushes, and then disappear behind a house. About thirty to thirty-five seconds later, he observed the complainant coming down the street, waving her hands in the air, and yelling that the man had taken her purse. Fisher also observed a man driving a blue Dodge pick-up truck. The man parked his truck momentarily beside the complainant and then drove beside Fisher. Fisher told the man the direction the assailant went and the man sped off down the street and around the corner. The identity of the man driving the blue truck was never determined. Fisher assisted the complainant to his front porch. The police and ambulance arrived at Fisher's house approximately thirty minutes later. They stayed there for approximately thirty five minutes. After they left, Fisher found the purse in the spot where he had earlier seen the assailant crouch. Eighty dollars and the complainant's bank card were missing from her purse. Fisher called the police and an officer arrived approximately fifteen minutes later. Fisher took the officer to the location, where he found the purse. At that time, Fisher noticed the man he had seen earlier walking toward them. The man was wearing a pair of flowery beach shorts and a blue T-shirt. The officer placed the man under arrest.

In his first point of error, appellant contends that the trial court erred in prohibiting him from testifying before final argument in violation of TEX.CODE CRIM. PROC.ANN. art. 36.02.

Article 36.02 provides that:

The court shall allow testimony to be introduced at any time before the argument of a cause is concluded, if it appears that it is necessary to a due administration of justice.

TEX.CODE CRIM.PROC.ANN. art. 36.02 (Vernon 1981).

This statute has been construed to mean that a trial judge commits reversible error when he refuses a request to reopen a case for the purpose of producing relevant and admissible evidence, regardless of its weight or the issue upon which it is offered, so long as the request is timely under the statute and does not threaten to unduly impede the trial. *Rogers v. State*, 774 S.W.2d 247, 263 (Tex.Crim.App.), *cert. denied*, 493 U.S. 984, 110 S.Ct. 519, 107 L.Ed.2d 520 (1989). The decision to reopen a case is left to the sound discretion of the trial court. *Cain v. State*, 666 S.W.2d 109,

111 (Tex.Crim.App 1984); *Gray v. State*, 797 S.W.2d 157, 160 (Tex.App.—Houston [14th Dist.] 1990, no pet.). The trial court abuses its discretion when the following conditions are met:

(1) the witness was present and ready to testify;

(2) the request to reopen was made before the charge was read to the jury and final arguments were made;

(3) the court had some indication of what the testimony would have been, and was satisfied that the testimony was material and bore directly on the main issues in the case; and,

(4) there was no showing that introduction of the testimony would have impeded the trial or interfered with the orderly administration of justice.

*Yee v. State*, 790 S.W.2d 361, 362 (Tex. App.—Houston [14th Dist.] 1990 pet. granted), *pet. dism'd*, 815 S.W.2d 691 (Tex.Crim. App.1991); *Gibson v. State*, 789 S.W.2d 421, 423 (Tex.App.—Fort Worth 1990, pet. ref'd).

The burden is on the defendant to show that the proposed testimony would have materially changed the case in his favor. *Yee*, 815 S.W.2d at 692 (Judge White dissenting); *Gray*, 797 S.W.2d at 160. While he was present and ready to testify, appellant did not timely request that the court reopen the case nor did the court have any indication as to the substance and materiality of appellant's testimony. As the court began reading the charge to the jury, appellant interrupted, complaining that all his objections and motions had been overruled. Appellant was removed from the courtroom and the court continued to read the charge. As he was being escorted from the courtroom, appellant told the bailiff to inform his attorney of his desire to testify. After the charge was read but before final argument, appellant was escorted back into the courtroom where he continued to disrupt the proceedings, stating in an outburst his desire to take the stand. Appellant was removed from the courtroom a second time.

The bailiff relayed appellant's message to appellant's counsel. The record does not reflect whether he did so, however, before the court had finished reading the charge. Assuming that the message was timely relayed to appellant's counsel, there was no timely motion to reopen before the court and no showing of the substance and materiality of appellant's testimony. In fact, the court did not learn of the nature of appellant's testimony until the hearing on the motion for new trial. At that point, the court could only have granted a new trial, not reopen the case. Appellant does not complain about the denial of his motion for new trial.

According to appellant's counsel, appellant's message was relayed in the form of an inquiry, not a demand or request. Moreover, counsel stated for the record that he did not present a motion to reopen the case because throughout the trial appellant expressed a desire not to testify in view of his prior felony convictions and his belief that the State would not be able to prove its case. Having no timely request to reopen the case and no indication as to the substance and materiality of appellant's proposed testimony, the trial court did not abuse its discretion in refusing to reopen the case. We overrule appellant's first point of error.

In points two through four, appellant attacks the sufficiency of the evidence.

■■ In reviewing the sufficiency of the evidence, the test is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Butler v. State*, 769 S.W.2d 234, 239 (Tex.Crim.App.1989). This standard applies to both direct and circumstantial evidence cases. *Carleson v. State*, 654 S.W.2d 444, 449 (Tex.Crim.App.1983) (opin. on reh'g). A conviction based on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of the defendant's guilt. *Humason v. State*, 728 S.W.2d 363, 366 (Tex.Crim.App.1987). It is not necessary for the facts proved to exclude all doubt, however; only that they

exclude all reasonable doubt. *Williams v. State* 784 S.W.2d 428, 429–30 (Tex.Crim. App.1990).

■ Appellant contests the element of lack of consent. Appellant contends that the State did not establish the element of lack of consent because the complainant did not specifically state that appellant did not have her consent to take her purse. This contention is without merit. Lack of consent may be shown by circumstantial evidence. *Williams v. State*, 591 S.W.2d 873, 875 (Tex.Crim.App. [Panel Op.] 1979) (citing *Taylor v. State*, 508 S.W.2d 393, 397 (Tex.Crim.App.1974)). The complainant was knocked to the ground and her face was shoved into the concrete. She got up bleeding from the head and yelling for help because someone had taken her purse. The jury could reasonably have concluded that appellant took the complainant's purse without the complainant's consent.

■ Appellant also contests the element of identification. He points to the discrepancy in the description of the assailant's clothing. Johnny Fisher testified that he saw a man wearing army fatigues and a "green camouflage hunting hat" walking by his house just prior to the offense and then sprinting down the street carrying a black object, moments after the offense. The complainant was knocked down from behind and never saw her assailant's face. She testified that her assailant was wearing a dark jacket, cap, and light brown pants.

Reconciliation of conflicts and contradictions in the evidence is within the province of the jury, and such conflicts will not call for reversal if there is enough credible testimony to support the conviction. *Losada v. State*, 721 S.W.2d 305, 309 (Tex.Crim. App.1986). The jury may believe some witnesses and refuse to believe others, and it may accept portions of the testimony of a witness and reject other portions. *Id.* The complainant was bleeding from a mild head injury suffered in the robbery and her description of the assailant's clothing may, in the jury's belief, have been faulty. Johnny Fisher, however, positively identified appellant as the man he saw wearing army

fatigues and running down the street. Fisher also saw appellant carrying a black object later discovered to be the complainant's purse when Fisher searched the spot where he saw appellant stop and crouch down. Appellant asserts that the assailant disappeared before he could have been seen by Fisher. This assertion is unsupported by the record. Fisher testified that he saw the sprinting assailant, who he later identified as appellant, some thirty to thirty-five seconds before he saw the complainant and the blue truck. The descriptions of appellant's clothing at the time of the offense are not so conflicting as to create a reasonable doubt when considered with other evidence in the case.

■ Appellant also points out that, at the time of his arrest, he had no money on his person and was not wearing any clothing resembling that described by either the complainant or Fisher. Despite the different clothing worn by appellant, Fisher was still able to point out appellant to police. Fisher testified that he had seen appellant several times before in the neighborhood. Appellant was arrested at least an hour and twenty minutes after the offense. The jury could reasonably have concluded that appellant had time to change clothes and to remove the money from his person before returning to recover the purse. Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. We overrule points two through four.

In his fifth point of error, appellant contends that trial counsel was ineffective in failing to bring his request to testify to the attention of the trial court.

■ Whether trial counsel rendered ineffective assistance during the guilt-innocence stage is measured by the *Strickland* standard. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under that standard, the defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. Coun-

sel's performance is measured by reasonableness under prevailing professional norms. *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex.Crim.App.1986) (citing *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2065). To determine prejudice or reversible error resulting from ineffective assistance of counsel, a defendant must show there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceedings would have been different. *Id.* (citing *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068). Whether counsel adhered to the *Strickland* standard is determined by examining the totality of the circumstances, rather than by focusing on isolated acts or omissions. *Butler v. State*, 716 S.W.2d 48, 54 (Tex.Crim.App.1986). A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065.

As previously noted, the record does not reflect whether appellant's counsel was properly advised of his client's decision to take the stand. It is undisputed that the decision whether to testify was left up to appellant. In discussions with his attorney both before and during trial, appellant decided not to testify. In accordance with appellant's wishes, counsel's strategy at trial was to keep appellant off of the stand. Trial strategy will not be reviewed if the record demonstrates that counsel's actions have any plausible basis. *See Ex Parte Ewing*, 570 S.W.2d 941, 945 (Tex.Crim.App.1978). It appears from the record that trial counsel's actions were considered at length. In light of appellant's prior criminal record, advice that appellant not testify was certainly plausible trial strategy. We overrule appellant's fifth point of error and affirm the judgment of the trial court.