NUMBER 13-01-581-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 

 



JOSE R. TINAJERO,                                                              Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                          Appellee.

 

 



                        On appeal from the 217th District Court

                                 of Angelina
County, Texas.



 

 

                                   O P I N I O N

 

      Before Chief Justice Valdez and
Justices Rodriguez and Kennedy[1]

                                 Opinion by
Justice Kennedy

 








Appellant, Jose R. Tinajero, was indicted in
two counts of indecency with a child. 
The counts alleged two separate offenses involving appellant and his son
on the same day.  A jury found appellant
guilty on both counts and, following a separate hearing, the trial court
assessed punishment at confinement for ten years.

Appellant=s brief brings two
points of error, here quoted:

                                             POINT
OF ERROR NO. 1

 

Reversible error was
committed in the trial court in that the appellant was denied the opportunity
to reopen his case before the jury began deliberations.

 

                                             POINT
OF ERROR NO. 2

 

Reversible error was
committed in the trial court by allowing testimony of extraneous acts against
others during the trial of this matter.

 








In support of point one, appellant complains of the trial court=s denial of his
request to re-open the case before the jury began deliberations.  The record shows that appellant had called as
a witness the custodian of records at a local hospital.  During the trial, one of the State=s witnesses, the
mother of the victim and the wife of appellant, testified to having witnessed
sexual abuse performed on the victim by appellant.  She also testified that appellant was
physically abusive to her which, on one occasion, caused her to go to the local
hospital.  Appellant requested to re-open
and tendered the testimony of the custodian of records at the hospital.  On bill of exception, the custodian testified
she could not find a record of appellant=s wife=s admission to the
hospital.  On cross-examination, she also
gave several reasons why it was possible that a record of the admission could
not be found.  The obvious reason appellant
wanted the jury to hear this testimony was to impeach the wife=s credibility.

The trial court has discretion in allowing either party to
re-open.  Lucious
v. State, 828 S.W.2d 118, 120 (Tex. App.BHouston [14th Dist.] 1992, no writ).  The burden is on the defendant to show that
the proposed testimony would have materially changed the case in his
favor.  Simms v. State, 833 S.W.2d
281, 286 (Tex. App.B Houston [14th Dist.]
1992, writ ref=d).  In addition, a defendant must demonstrate
that the testimony bore directly on the main issues in the case.  Lucious, 828
S.W.2d at 121.

Appellant=s argument fails both
of the above tests.  We overrule point of
error one.

Point of error two complains of the admission of evidence of
extraneous acts of violence and sexual abuse upon persons other than the
victim.  Appellant=s reference is to the
testimony from the victim and the victim=s sister that
appellant used violence against his wife and that he sexually abused the victim=s sister.

The testimony about appellant=s violence toward his
wife was not objected to.  In addition,
appellant, himself, testified on direct testimony that he Acalled [his] wife to
the back room and I beat her.@

The victim=s sister testified to
two occasions when appellant was in bed with both her and her brother and
sexually abused both.  Appellant
complains that this violates Rule 404 of the Texas Rules of Evidence which says
in pertinent part:








(b)      Other
Crimes, Wrongs or Acts.  Evidence of
other crimes, wrongs or acts is not admissible to prove the character of a
person in order to show action in conformity therewith.

 

Tex. R. Evid. Rule 404(b) (Vernon 2002).

Same transaction contextual evidence is deemed admissible as a
so-called exception to the propensity rule where several crimes are intermixed,
or blended with one another, or connected so that they form an invisible
criminal transaction, and full proof by testimony, whether direct or
circumstantial, of any one of them cannot be given without showing the
others.  Nelson v. State, 864
S.W.2d 496, 498 (Tex. Crim. App. 1993).[2]

Reviewing the entire testimony of the victim=s sister about sexual
and physical abuse of her and the victim, we find only one objection made by
appellant.  To the question, AWhy would he do this
to your brother?@ counsel objected, AI=m going to object as
to speculation as to why.@  The objection was sustained by the trial
court.

We
overrule the second point of error and AFFIRM the judgment of the trial court.

 

 

NOAH
KENNEDY

Justice

 

Do not
publish.

Tex.
R. App. P. 47.3(b).

Opinion delivered and
filed

this 16th day of May,
2002.                                   











[1]Retired Justice Noah
Kennedy assigned to this court by the Chief Justice of the Supreme Court of
Texas pursuant to Tex. Gov=t
Code Ann.
' 74.003 (Vernon 1998).





[2]
Nelson was a
case where two women were sexually assaulted and stabbed.  The survivor's testimony was allowed as to
the assault on herself as well as the assault on the deceased in the capital
murder trial.