# NO. 12-11-00034-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MALCOLM HUNTER,* <br> *APPELLANT* | § | *APPEAL FROM THE 2ND* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* <br> *APPELLEE* | § | *CHEROKEE COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Malcolm Hunter appeals from his conviction for unlawful possession of a firearm. In two issues, Appellant argues that the trial court erred in admitting a handgun into evidence and that he received ineffective assistance of counsel. We affirm.

### BACKGROUND

Police officers in Cherokee County, Texas, arrested Appellant and the other occupants of a vehicle at a gas station. One of the officers was initially drawn to the vehicle because it did not have a license plate or dealer tags. The occupants of the vehicle were nervous, and the officer called for backup. Appellant gave a name that was not his own, but the officer soon discovered his driver's license in his pocket. The officer attempted to place Appellant in his patrol vehicle. A scuffle ensued, but the police were able to subdue Appellant. The officers searched the vehicle and found controlled substances, specifically pills, as well as a handgun. Appellant told the police that the handgun and the pills belonged to him and that he did not want anyone else to get in trouble for those items.

Based on the recovery of the firearm and the fact that Appellant had been convicted of a felony offense in 2009, a Cherokee County grand jury indicted him for the offense of unlawful

1

possession of a firearm.[1]   Appellant pleaded not guilty, and a bench trial was held.   Following the trial, the court found him guilty and assessed a sentence of imprisonment for eighteen years.   This appeal followed.


## ADMISSION OF EVIDENCE

In his first issue, Appellant argues that the trial court should have acquitted him after it considered sua sponte whether the handgun was obtained in derogation of his constitutional rights.

### Applicable Law and Standard of Review

Evidence obtained in violation of any provision of the United States Constitution or the law of the State of Texas or the law of the United States may not be admitted in evidence against the accused in the trial of a criminal case.   *See* TEX. CODE CRIM. PROC. ANN. art. 38.23 (West 2005). This statutory exclusionary rule is coextensive with the common law exclusionary rule based on the Fourth Amendment to the U.S. Constitution, but it goes further to exclude evidence that is obtained illegally.   *See* TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (West 2005); *Miles v. State*, 241 S.W.3d 28, 35 (Tex. Crim. App. 2007) ("The Texas Legislature enacted an exclusionary rule broader than its federal counterpart."); *Pierce v. State*, 32 S.W.3d 247, 251 n.7 (Tex. Crim. App. 2000) ("The statute that was the predecessor of the first sentence of Article 38.23 was enacted in 1925."); *see generally* 40 George E. Dix & Robert O. Dawson, *Criminal Practice and Procedure* §§ 4.11-.35 (2d ed. 2001) (discussing the distinctions between the federal constitutional exclusionary rule and the Texas statutory exclusionary rule; noting that "Article 38.23 of the Code of Criminal Procedure imposes what is probably the broadest state exclusionary requirement of any American jurisdiction.").

We review a trial court's ruling on a motion to suppress for an abuse of discretion.   *See* *Rocha v. State*, 16 S.W.3d 1, 12 (Tex. Crim. App. 2000); *see also* *Ramos v. State*, 245 S.W.3d 410, 418 (Tex. Crim. App. 2008).   An appellate court must view the evidence in the light most favorable to the trial court's ruling.   *See* *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006).   We afford almost total deference to a trial court's determination of historical facts.   *See* *Montanez v. State*, 195 S.W.3d 101, 109 (Tex. Crim. App. 2006).   We do not engage in our own factual review; we determine only whether the record supports the trial court's ruling.   *See* *Rocha*, 16 S.W.3d at 12.

---

[1] TEX. PENAL CODE ANN. § 46.04 (West 2011).

**Analysis**

On its own initiative, and after the parties had closed their evidence and had made their final arguments, the trial court discussed whether the search of the vehicle at the gas station was illegal. This consideration was based on the United States Supreme Court's decision in *Arizona v. Gant*, 556 U.S. 332, 129 S. Ct. 2d 1710, 173 L. Ed. 2d 485 (2009). The *Gant* decision was important because it was a reevaluation and restatement of the Court's previous rulings in *Chimel v. California*, 395 U.S. 752, 89 S. Ct. 2034, 23 L. Ed. 2d 685 (1960), and more importantly, in *New York v. Belton*, 453 U.S. 454, 101 S. Ct. 2860, 69 L. Ed. 2d 768 (1981).

The Court's *Belton* decision had been interpreted to allow a search of the passenger compartment of an automobile if the driver was arrested, even if the driver would not be returned to the vehicle. *See Gant*, 556 U.S. at __, 129 S. Ct. at 1718 ("Despite the textual and evidentiary support for the Arizona Supreme Court's reading of *Belton*, our opinion has been widely understood to allow a vehicle search incident to the arrest of a recent occupant even if there is no possibility the arrestee could gain access to the vehicle at the time of the search.") In *Gant*, the Court held that this interpretation was incorrect and that *Belton* "does not authorize a vehicle search incident to a recent occupant's arrest after the arrestee has been secured and cannot access the interior of the vehicle." *Id*. 556 U.S. at __, 129 S. Ct. at 1714.

Appellant did not file a pretrial motion to suppress, and he did not object to the admission of the handgun on the basis that it was obtained during an illegal search. As such, he has not preserved this complaint for our review. *See Holmes v. State*, 248 S.W.3d 194, 200 (Tex. Crim. App. 2008). If we consider the trial court's discussion of the issue of the legality of the search in terms of an instruction to the jury to disregard any illegally obtained evidence, that decision, too, is beyond our review. In *Holmes*, the court of criminal appeals held that a negative finding on that question cannot be reviewed on appeal. *See id*. at 200 ("Had he received an Article 38.23 jury instruction, he would have no appellate claim at all because the jury's decision regarding that factual dispute would be unreviewable."). Similarly, although for different reasons, a decision to acquit Appellant for lack of legally obtained evidence would be beyond our review. *See State v. Blackshere*, No. PD-0039-09, 2011 Tex. Crim. App. LEXIS 872, at *21 (Tex. Crim. App. June 22, 2011) ("Therefore, the trial court's actions were functionally an acquittal for purposes of double jeopardy. Whether there was an underlying error in suppressing evidence is irrelevant; such an underlying error cannot be reviewed after an acquittal for insufficient evidence.").

3

Because Appellant did not object to the admission of the handgun on the grounds that it was illegally obtained, this issue is not preserved for our review. We overrule Appellant's first issue.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

In his second issue, Appellant contends that he received ineffective assistance of counsel. Specifically, he argues that counsel failed to object to admission of the handgun and that counsel made inappropriate arguments or concessions.

## Applicable Law

Claims of ineffective assistance of counsel are evaluated under the two step analysis articulated in ***Strickland v. Washington***, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The first step requires an appellant to demonstrate that trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *See **Strickland***, 466 U.S. at 688, 104 S. Ct. at 2065; ***McFarland v. State***, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). Counsel's representation is not reviewed for isolated or incidental deviations from professional norms, but on the basis of the totality of the representation. *See **Strickland***, 466 U.S. at 695, 104 S. Ct. at 2069.

The second step requires the appellant to show prejudice from the deficient performance of his attorney. *See **Hernandez v. State***, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999). To establish prejudice, an appellant must show that there is a reasonable probability that the result of the proceeding would have been different but for counsel's deficient performance. *See **Strickland***, 466 U.S. at 694, 104 S. Ct. at 2068.

We begin with the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *See **Jackson v. State***, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). As part of this presumption, we presume counsel's actions and decisions were reasonable and were motivated by sound trial strategy. *See **id***. Appellant has the burden of proving ineffective assistance of counsel. *See **id***.

## Analysis

Appellant argues that counsel failed to object to the handgun when such an objection would have been sustained. He also argues that counsel's representation was outside the range of reasonable professional assistance because he put on the record that he had encouraged Appellant to accept a plea agreement and that it was his opinion that Appellant should not testify. Finally,

4

he argues that counsel's closing argument was brief and that he unnecessarily elicited evidence of additional misconduct by Appellant.

As to the argument that counsel should have objected to the admission of the handgun, it is necessary for Appellant to show that the trial judge would have committed error in overruling such an objection. *See **Ex parte Martinez***, 330 S.W.3d 891, 901 (Tex. Crim. App. 2011). This Appellant cannot do. As we discussed in the earlier section of this opinion, counsel did not object to the admission of the handgun on state law or constitutional grounds. If he had done so, the State would have had an opportunity to offer additional evidence to support the admissibility of the handgun.

Even so, as the record stands at this point, the trial court could have overruled an objection to the admission of the handgun without committing error. There were several officers present at the scene where Appellant was arrested. There were also four occupants of the car. The police had evidence of the unlawful possession of controlled substances and, the trial court could have reasonably concluded, had probable cause to search the automobile for evidence related to that offense. Such a search would have been permissible under ***Gant***. *See **Gant***, 556 U.S. at __, 129 S. Ct. at 1719 ("[W]e also conclude that circumstances unique to the vehicle context justify a search incident to a lawful arrest when it is "reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle."). Accordingly, Appellant has failed to show that counsel was ineffective for failing to object to the admission of the handgun.

With respect to informing the court of Appellant's decision to reject a plea agreement, the court of criminal appeals has held that putting such information in the record during a bench trial is not harmful to a defendant. *See **Monreal v. State***, 947 S.W.2d 559, 564 (Tex. Crim. App. 1997). Counsel's addition that he had recommended that Appellant accept the offer was an unnecessary supplement to what the court in ***Monreal*** termed a protection against "future claim[s] of ineffective assistance [of counsel]," but we fail to see how this, in the context of this case, caused any prejudice to Appellant. *See **id***.

Similarly, counsel's act of placing it in the record that he had recommended that Appellant not testify did not prejudice him in any way. The perils of a defendant taking the stand, and being open to cross examination, are well understood. *See*, *e.g.*, ***Lucious v. State***, 828 S.W.2d 118, 123 (Tex. App.–Houston [14th Dist.] 1992, no pet.) ("In light of appellant's prior criminal record, advice that appellant not testify was certainly plausible trial strategy.").

5

With respect to closing argument, it is true that counsel's summation was brief. However, there was not a significant amount of contested evidence in this case. The State's witnesses testified that they found the handgun and that Appellant claimed ownership of it. Appellant admitted that he was within five years of a conviction for a felony offense, denied owning the handgun, and denied admitting that he owned or possessed the handgun. Closing argument is a matter, generally, of strategy. *See Thompson v. State*, 915 S.W.2d 897, 904 (Tex. App.–Houston [1st Dist.] 1996, pet. ref'd); *Flemming v. State*, 949 S.W.2d 876, 881 (Tex. App.–Houston [14th Dist.] 1997, no pet.) (finding counsel may have believed the best strategy in the closing argument was to be brief and appear open and honest). With this case coming down to a single discrete factual determination for the trial court to make, Appellant has not shown that counsel's closing argument was deficient.

Finally, Appellant argues that counsel unnecessarily asked a police officer about two instances when Appellant had been arrested for possession of marihuana and aggravated assault with a deadly weapon. Following the exchange, the trial court told counsel that in such situations he "usually [sat] back and let it go," but he asked "why in God's name are you asking the State [sic] witness about other matters that they hadn't even brought up that your client has gotten in trouble for?" Counsel responded that he was attempting to "dispel some" of the testimony to the effect that his client had been involved in criminal activity on "numerous occasions." The court appeared to be satisfied with that explanation and adjourned for the day.

Appellant has failed to show that counsel's strategy of confronting the officer's testimony was unreasonable. The officer had testified that he had had contact with Appellant on "numerous occasions." Instead of letting that broad statement stand, counsel asked questions designed to show that those interactions resulted in few convictions. The trial court had already heard that Appellant had been adjudicated as a juvenile for what would have been an aggravated robbery had he been an adult and had heard about the aggravated assault investigation. The court also knew that Appellant had violated the terms of his community supervision in another case and later heard that Appellant had been cited or documented for 211 instances of misconduct while at the Texas Youth Commission. Counsel's strategy was a reasonable one; it appeared to be instigated at Appellant's direction; and it did not serve to introduce information that, on balance, prejudiced Appellant.

Having held that Appellant failed to meet his burden to show that counsel's representation

was below professional norms, we overrule Appellant's second issue.

## DISPOSITION

Having overruled Appellant's first and second issues, we *affirm* the judgment of the trial court.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered August 10, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

7