NO.
12-11-00034-CR

                        

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

MALCOLM
HUNTER,                                      §                 APPEAL FROM THE 2ND

APPELLANT

 

V.                                                                         §                 JUDICIAL
DISTRICT COURT

 

THE
STATE OF TEXAS,

APPELLEE                                                        §                 CHEROKEE
COUNTY, TEXAS

                                                        
                                           

MEMORANDUM OPINION

Malcolm
Hunter appeals from his conviction for unlawful possession of a firearm.  In
two issues, Appellant argues that the trial court erred in admitting a handgun
into evidence and that he received ineffective assistance of counsel.  We
affirm.

 

Background

            Police
officers in Cherokee County, Texas, arrested Appellant and the other occupants
of a vehicle at a gas station.  One of the officers was initially drawn to the
vehicle because it did not have a license plate or dealer tags.  The occupants
of the vehicle were nervous, and the officer called for backup.  Appellant gave
a name that was not his own, but the officer soon discovered his driver’s
license in his pocket.  The officer attempted to place Appellant in his patrol
vehicle. A scuffle ensued, but the police were able to subdue Appellant.  The
officers searched the vehicle and found controlled substances, specifically
pills, as well as a handgun.  Appellant told the police that the handgun and
the pills belonged to him and that he did not want anyone else to get in
trouble for those items.  

Based
on the recovery of the firearm and the fact that Appellant had been convicted
of a felony offense in 2009, a Cherokee County grand jury indicted him for the
offense of unlawful possession of a firearm.[1]
 Appellant
pleaded not guilty, and a bench trial was held.  Following the trial, the court
found him guilty and assessed a sentence of imprisonment for eighteen years. 
This appeal followed.

 

Admission of Evidence

In
his first issue, Appellant argues that the trial court should have acquitted
him after it considered sua sponte whether the handgun was obtained in
derogation of his constitutional rights.

Applicable
Law and Standard of Review

Evidence
obtained in violation of any provision of the United States Constitution or the
law of the State of Texas or the law of the United States may not be admitted
in evidence against the accused in the trial of a criminal case.  See Tex. Code Crim. Proc. Ann. art. 38.23 (West
2005).  This statutory exclusionary rule is coextensive with the common law
exclusionary rule based on the Fourth Amendment to the U.S. Constitution, but
it goes further to exclude evidence that is obtained illegally.  See Tex. Code Crim. Proc. Ann. art. 38.23(a)
(West 2005); Miles v. State, 241 S.W.3d 28, 35 (Tex. Crim. App.
2007) (“The Texas Legislature enacted an exclusionary rule broader than its
federal counterpart.”); Pierce v. State, 32 S.W.3d 247, 251 n.7
(Tex. Crim. App. 2000) (“The statute that was the predecessor of the first
sentence of Article 38.23 was enacted in 1925.”); see generally 40 George E. Dix & Robert O.
Dawson, Criminal Practice and
Procedure §§ 4.11-.35 (2d ed.
2001) (discussing the distinctions between the federal constitutional exclusionary
rule and the Texas statutory exclusionary rule; noting that “Article 38.23 of
the Code of Criminal Procedure imposes what is probably the broadest state
exclusionary requirement of any American jurisdiction.”). 

We
review a trial court’s ruling on a motion to suppress for an abuse of
discretion.  See Rocha v. State, 16 S.W.3d 1, 12 (Tex. Crim. App.
2000); see also Ramos v. State, 245 S.W.3d 410, 418 (Tex. Crim.
App. 2008).  An appellate court must view the evidence in the light most
favorable to the trial court’s ruling.  See State v. Kelly, 204
S.W.3d 808, 818 (Tex. Crim. App. 2006).  We afford almost total deference to a
trial court’s determination of historical facts.  See Montanez v.
State, 195 S.W.3d 101, 109 (Tex. Crim. App. 2006).  We do not engage in
our own factual review; we determine only whether the record supports the trial
court’s ruling.  See Rocha, 16 S.W.3d at 12. 

Analysis

On
its own initiative, and after the parties had closed their evidence and had
made their final arguments, the trial court discussed whether the search of the
vehicle at the gas station was illegal.  This consideration was based on the
United States Supreme Court’s decision in Arizona v. Gant, 556
U.S. 332, 129 S. Ct. 2d 1710, 173 L. Ed. 2d 485 (2009).  The Gant decision
was important because it was a reevaluation and restatement of the Court’s
previous rulings in Chimel v. California, 395 U.S. 752, 89 S. Ct.
2034, 23 L. Ed. 2d 685 (1960), and more importantly, in New York v.
Belton, 453 U.S. 454, 101 S. Ct. 2860, 69 L. Ed. 2d 768 (1981).  

The
Court’s Belton decision had been interpreted to allow a search of
the passenger compartment of an automobile if the driver was arrested, even if
the driver would not be returned to the vehicle.  See Gant,
556 U.S. at __, 129 S. Ct. at 1718 (“Despite the textual and evidentiary
support for the Arizona Supreme Court's reading of Belton, our
opinion has been widely understood to allow a vehicle search incident to the
arrest of a recent occupant even if there is no possibility the arrestee could
gain access to the vehicle at the time of the search.”)  In Gant,
the Court held that this interpretation was incorrect and that Belton
“does not authorize a vehicle search incident to a recent occupant's arrest
after the arrestee has been secured and cannot access the interior of the
vehicle.”  Id. 556 U.S. at __, 129 S. Ct. at 1714.

Appellant
did not file a pretrial motion to suppress, and he did not object to the
admission of the handgun on the basis that it was obtained during an illegal
search.  As such, he has not preserved this complaint for our review.  See Holmes
v. State, 248 S.W.3d 194, 200 (Tex. Crim. App. 2008).  If we consider
the trial court’s discussion of the issue of the legality of the search in
terms of an instruction to the jury to disregard any illegally obtained
evidence, that decision, too, is beyond our review.  In Holmes,
the court of criminal appeals held that a negative finding on that question
cannot be reviewed on appeal.  See id. at 200 (“Had he received
an Article 38.23 jury instruction, he would have no appellate claim at all
because the jury's decision regarding that factual dispute would be
unreviewable.”).  Similarly, although for different reasons, a decision to
acquit Appellant for lack of legally obtained evidence would be beyond our
review.  See State v. Blackshere, No. PD-0039-09, 2011 Tex. Crim.
App. LEXIS 872, at *21 (Tex. Crim. App. June 22, 2011) (“Therefore, the trial
court's actions were functionally an acquittal for purposes of double
jeopardy.  Whether there was an underlying error in suppressing evidence is
irrelevant; such an underlying error cannot be reviewed after an acquittal for
insufficient evidence.”).  

Because
Appellant did not object to the admission of the handgun on the grounds that it
was illegally obtained, this issue is not preserved for our review.  We
overrule Appellant’s first issue.

Ineffective Assistance of Counsel

In
his second issue, Appellant contends that he received ineffective assistance of
counsel.  Specifically, he argues that counsel failed to object to admission of
the handgun and that counsel made inappropriate arguments or concessions.

Applicable
Law

Claims
of ineffective assistance of counsel are evaluated under the two step analysis
articulated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct.
2052, 80 L. Ed. 2d 674 (1984).  The first step requires an appellant to
demonstrate that trial counsel’s representation fell below an objective
standard of reasonableness under prevailing professional norms.  See Strickland,
466 U.S. at 688, 104 S. Ct. at 2065; McFarland v. State, 928
S.W.2d 482, 500 (Tex. Crim. App. 1996).  Counsel’s representation is not
reviewed for isolated or incidental deviations from professional norms, but on
the basis of the totality of the representation.  See Strickland,
466 U.S. at 695, 104 S. Ct. at 2069.

The
second step requires the appellant to show prejudice from the deficient
performance of his attorney.  See Hernandez v. State, 988 S.W.2d
770, 772 (Tex. Crim. App. 1999).  To establish prejudice, an appellant must
show that there is a reasonable probability that the result of the proceeding
would have been different but for counsel’s deficient performance.  See Strickland,
466 U.S. at 694, 104 S. Ct. at 2068.  

We
begin with the strong presumption that counsel’s conduct falls within the wide
range of reasonable professional assistance.  See Jackson v. State,
877 S.W.2d 768, 771 (Tex. Crim. App. 1994).  As part of this presumption, we
presume counsel’s actions and decisions were reasonable and were motivated by
sound trial strategy.  See id.  Appellant has the burden of
proving ineffective assistance of counsel.  See id.  

Analysis

            Appellant argues that
counsel failed to object to the handgun when such an objection would have been
sustained.  He also argues that counsel’s representation was outside the range
of reasonable professional assistance because he put on the record that he had
encouraged Appellant to accept a plea agreement and that it was his opinion
that Appellant should not testify.  Finally, he argues that counsel’s closing
argument was brief and that he unnecessarily elicited evidence of additional
misconduct by Appellant.  

            As to the argument
that counsel should have objected to the admission of the handgun, it is
necessary for Appellant to show that the trial judge would have committed error
in overruling such an objection. See Ex parte Martinez, 330
S.W.3d 891, 901 (Tex. Crim. App. 2011).  This Appellant cannot do.  As we
discussed in the earlier section of this opinion, counsel did not object to the
admission of the handgun on state law or constitutional grounds.  If he had
done so, the State would have had an opportunity to offer additional evidence
to support the admissibility of the handgun.  

Even so, as the record stands at
this point, the trial court could have overruled an objection to the admission
of the handgun without committing error.  There were several officers present
at the scene where Appellant was arrested.  There were also four occupants of
the car.  The police had evidence of the unlawful possession of controlled
substances and, the trial court could have reasonably concluded, had probable
cause to search the automobile for evidence related to that offense.  Such a
search would have been permissible under Gant.  See Gant,
556 U.S. at __, 129 S. Ct. at 1719 (“[W]e also conclude that circumstances
unique to the vehicle context justify a search incident to a lawful arrest when
it is “reasonable to believe evidence relevant to the crime of arrest might be
found in the vehicle.”).  Accordingly, Appellant has failed to show that
counsel was ineffective for failing to object to the admission of the handgun.

            With respect to
informing the court of Appellant’s decision to reject a plea agreement, the court
of criminal appeals has held that putting such information in the record during
a bench trial is not harmful to a defendant.  See Monreal v. State,
947 S.W.2d 559, 564 (Tex. Crim. App. 1997).  Counsel’s addition that he had
recommended that Appellant accept the offer was an unnecessary supplement to
what the court in Monreal termed a protection against “future
claim[s] of ineffective assistance [of counsel],” but we fail to see how this,
in the context of this case, caused any prejudice to Appellant.  See id.


            Similarly, counsel’s
act of placing it in the record that he had recommended that Appellant not
testify did not prejudice him in any way.  The perils of a defendant taking the
stand, and being open to cross examination, are well understood.  See, e.g.,
Lucious v. State, 828 S.W.2d 118, 123 (Tex. App.–Houston [14th
Dist.] 1992, no pet.) (“In light of appellant's prior criminal record, advice
that appellant not testify was certainly plausible trial strategy.”). 

            With respect to
closing argument, it is true that counsel’s summation was brief.  However,
there was not a significant amount of contested evidence in this case.  The
State’s witnesses testified that they found the handgun and that Appellant
claimed ownership of it.  Appellant admitted that he was within five years of a
conviction for a felony offense, denied owning the handgun, and denied
admitting that he owned or possessed the handgun.  Closing argument is a
matter, generally, of strategy.  See Thompson v. State, 915
S.W.2d 897, 904 (Tex. App.–Houston [1st Dist.] 1996, pet. ref'd); Flemming
v. State, 949 S.W.2d 876, 881 (Tex. App.–Houston [14th Dist.] 1997, no
pet.) (finding counsel may have believed the best strategy in the closing
argument was to be brief and appear open and honest).  With this case coming
down to a single discrete factual determination for the trial court to make,
Appellant has not shown that counsel’s closing argument was deficient.

            Finally, Appellant
argues that counsel unnecessarily asked a police officer about two instances
when Appellant had been arrested for possession of marihuana and aggravated
assault with a deadly weapon.  Following the exchange, the trial court told
counsel that in such situations he “usually [sat] back and let it go,” but he
asked “why in God’s name are you asking the State [sic] witness about other
matters that they hadn’t even brought up that your client has gotten in trouble
for?”  Counsel responded that he was attempting to “dispel some” of the
testimony to the effect that his client had been involved in criminal activity
on “numerous occasions.”  The court appeared to be satisfied with that
explanation and adjourned for the day. 

            Appellant has failed
to show that counsel’s strategy of confronting the officer’s testimony was
unreasonable.  The officer had testified that he had had contact with Appellant
on “numerous occasions.”  Instead of letting that broad statement stand,
counsel asked questions designed to show that those interactions resulted in
few convictions.  The trial court had already heard that Appellant had been
adjudicated as a juvenile for what would have been an aggravated robbery had he
been an adult and had heard about the aggravated assault investigation.  The
court also knew that Appellant had violated the terms of his community
supervision in another case and later heard that Appellant had been cited or
documented for 211 instances of misconduct while at the Texas Youth
Commission.  Counsel’s strategy was a reasonable one; it appeared to be
instigated at Appellant’s direction; and it did not serve to introduce
information that, on balance, prejudiced Appellant.

Having held that Appellant failed
to meet his burden to show that counsel’s representation was below professional
norms, we overrule Appellant’s second issue.

 

Disposition

Having overruled Appellant’s
first and second issues, we affirm the judgment of the trial
court.

                                                                                                James T. Worthen

                                                                                                        
Chief Justice

 

 

Opinion delivered August 10,
2011.

Panel consisted
of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)




 
 
 
 
 
 
 
  
 
 
 
 
 
  
 












[1]
Tex. Penal Code Ann. §
46.04 (West 2011).