**STATE of Missouri, Respondent,**

v.

**Avery MASON, Appellant.**

**No. 42592.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 8, 1981.

Joseph W. Downey, Public Defender, Thomas F. Flynn, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Lew A. Kollias, Asst. Attys. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for respondent.

CLEMENS, Senior Judge.

A jury found defendant Avery Mason guilty of kidnapping his eight-year-old niece; on appeal he contends the court erred in refusing his instruction on false imprisonment. He argues this is a lesser included offense. We do not agree.

Defendant neither testified nor challenges the state's evidence. It was that defendant woke the victim, forcibly led her into his car, tied her hands, drove off and had sexual intercourse with her, vaginally and rectally. The victim promptly complained and a medical examination supported her complaint.

We summarize the two statutes in issue. As relevant here the kidnapping statute, Section 565.110 RSMo., makes it a class B felony to remove a person without consent for the purpose of facilitating a felony, here sexual abuse (Section 566.110(2) RSMo.).

The court refused defendant's offered instruction based on the false imprisonment statute making it a misdemeanor to knowingly restrain a person without consent.

Defendant now contends he was entitled to the false imprisonment instruction, arguing the evidence showed he committed that offense. He cites Section 565.130 RSMo., based merely on unlawful *restraint* of the victim. But the charged offense of kidnapping, Section 565.110, supra, includes the further element of unlawful *removal,* and that was shown by the evidence.

Defendant's present contention was raised and refuted in *State v. Seddens,* 624 Mo.App. 470, (Mo.App.1981). There as here on a kidnapping conviction defendant contended he was entitled to an instruction on false imprisonment as a lesser included offense.

In *Seddens* the evidence was that defendant forced the victim to drive him away in the victim's car. In upholding the trial court's denial of the defendant's proffered instruction on false imprisonment the court ruled: "The offense of kidnapping and false arrest lose mutual identity when the element charged in kidnapping is *unlawful removal.* The restraint of a person necessary to constitute false arrest is present factually in the proof of kidnapping only where the accused has perpetrated the kidnapping by *unlawfully confining another* without his consent for a substantial period.

Application of this distinction is illustrated in the subject case where the indictment charged Seddens with the *unlawful removal* of Avery from the place where Seddens confronted him..." (Our emphasis.)

Both the charge and evidence here covered defendant's act in unlawfully removing the victim from her home. So, the court correctly refused defendant's instruction on false imprisonment.

Affirmed.

REINHARD, P. J., and SNYDER and CRIST, JJ., concur.