

NUMBER 13-11-00443-CR

# COURT OF APPEALS

# THIRTEEN DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

DENNIS MICHAEL KILDARE,                                    Appellant,

v.

THE STATE OF TEXAS,                                         Appellee.

### On appeal from the 278th District Court
### of Leon County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion by Justice Rodriguez

Appellant Dennis Michael Kildare appeals from his conviction by a jury for third-degree felony possession of a controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (c) (West 2010). By one issue, Kildare argues that the trial court erred in denying his motion to suppress. We affirm.

## I. Background

On August 16, 2010, Kildare was pulled over by two Leon County, Texas Sheriff's Department deputies. At trial, the deputies testified that Kildare was swerving in and out of his lane of traffic. The deputies testified that when they approached Kildare, he appeared nervous; they testified that Kildare was "sweating profusely," "rubbing his hands on his legs," and would not look at the deputies when they asked him questions. Based on Kildare's demeanor, the deputies testified that they believed Kildare was about to run, so they detained him. In their search of his person incident to the detention, the deputies discovered what was later determined to be methamphetamine in a cigarette box in Kildare's pocket. Kildare was subsequently indicted for possession of the methamphetamine.

Before trial, Kildare filed a motion to suppress the evidence obtained by the deputies during the traffic stop. In his motion, Kildare argued that the traffic stop and his detention were illegal because the deputies had no reasonable suspicion that he was engaged in criminal activity, and as a result, the evidence seized during the illegal detention should be suppressed.

Kildare pleaded not guilty, and the case was tried to a jury. Kildare did not urge his motion to suppress before trial began, and no pretrial hearing on the motion was held. The evidence seized during the traffic stop was admitted during trial without objection by Kildare. At the close of the State's case, Kildare, for the first time, urged his motion to suppress, and at this point, the trial court denied the motion. However, upon Kildare's request, the jury was instructed that it could not base its conviction on evidence obtained

2

in violation of federal or state law. The jury found Kildare guilty of the charge and assessed punishment at ten years' incarceration and a $5,000 fine. This appeal followed.[1]

## II. Discussion

By one issue, Kildare argues that the trial court erred in denying his motion to suppress because the deputies did not have a reasonable suspicion to stop and detain him. However, because Kildare failed to urge his motion before the evidence he sought to suppress was admitted, he did not preserve any issue for appeal.

If a motion to suppress has not been ruled on by the time the evidence is offered at trial, to preserve error, a defendant must object to the evidence at the time it is offered. *Ross v. State*, 678 S.W.2d 491, 493 (Tex. Crim. App. 1984). A motion to suppress evidence is untimely if it is made after the evidence, or substantial testimony about the evidence sought to be suppressed, has already been admitted without objection. *Marini v. State*, 593 S.W.2d 709, 714 (Tex. Crim. App. 1980); *Stults v. State*, 23 S.W.3d 198, 205-06 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd); *Thomas v. State*, 884 S.W.2d 215, 216-17 (Tex. App.—El Paso 1994, pet. ref'd). If a motion to suppress is urged only after the State has rested its case and the challenged evidence has been admitted without objection, that motion is too late to preserve error.[2] *Nelson v. State*, 626 S.W.2d

---

[1] This case is before the Court on transfer from the Tenth Court of Appeals in Waco pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

[2] One narrow exception to this rule is when the trial court has made specific pretrial comments that "essentially [direct the defendant] to wait until all the evidence is presented" before seeking a ruling from the court on the motion to suppress and has told the defendant that it would "make no ruling until all the testimony had been presented." *Garza v. State*, 126 S.W.3d 79, 84-85 (Tex. Crim. App. 2004). No such pretrial comments were made by the trial court in this case.

535, 536 (Tex. Crim. App. [Panel Op.] 1981); *Sims v. State*, 833 S.W.2d 281, 284 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd).

Here, in his motion, Kildare sought to suppress any statements he made and evidence obtained by the police during the allegedly illegal traffic stop. Kildare did not urge his motion before trial and no pretrial evidentiary hearing was held on the motion. At trial, the two deputies involved in the traffic stop testified regarding the conversation they had with Kildare and the methamphetamine they found on his person during the traffic stop. Kildare lodged no objections to the testimony of the deputies.

Because there was no ruling on the motion to suppress before the complained-of evidence was admitted at trial, Kildare was required to object to the evidence at the time it was offered. When Kildare raised the motion to suppress after the State rested, it was untimely and too late to preserve error in the admission of the evidence. Because he failed to preserve any error in the admission of the complained-of evidence, we overrule Kildare's appellate issue.

### III. Conclusion

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the 26th
day of January, 2012.

4